T. S. CAVEN ET AL. v. W. P. COLEMAN.

No. 1681. Decided April 3, 1907.

1.—City—Appointment of Board of Plumbers—Mandamus.

Under the Act of August 20, 1897 (Laws 25th Leg., p. 236), requiring cities having underground sewers to create an "Examining and Supervising Board of Plumbers," to be composed of a member of the local Board of Health and the city engineer, with others, to be appointed by the mayor and the local Board of Health, the city of Marshall, operating under a special charter, but having

neither a local Board of Health nor a city engineer, could not be compelled, by mandamus against its mayor and Council, either to appoint such Board of Plumbers or to create a local Board of Health and city engineer in order that a Board of Plumbers might be created in accordance with the statute.   (Pp. 469, 470.)

### 2.—Same—Creating Offices—Discretion of Council.

The provisions in the special charter of the city of Marshall giving its Council power to "establish any office that may, in its opinion, be necessary or expedient for the city's business or government," placed the creation of the additional offices in the discretion of the Council, and this discretion could not be controlled by mandamus.   (P. 470.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Harrison County.

Coleman brought suit for mandamus against the mayor and aldermen of Marshall and had judgment awarding the writ.   Defendants appealed, and on affirmance obtained writ of error.

*T. P. Young,* for plaintiffs in error.—When a duty required by a statute is not ministerial, but is purely discretionary, a writ of mandamus can not be properly issued to compel the officer to perform such duty.   Cullen v. Latimer, 4 Texas, 329; Arberry v. Beavers, 6 Texas, 465; 9 Texas, 84; 68 Texas, 492; 86 Texas, 229.

The act of 1897, on which the suit is brought to enforce the appointment of the Board of Examining and Supervising Plumbers, confers the appointing power on the mayor and local Board of Health and not on the City Council.

*Scott & Lane,* for defendant in error.—It was not necessary, in order to entitle the appellee to the writ of mandamus, to have alleged that the city of Marshall had a city engineer and a local Board of Health. 1 Sayles' Texas Civ. Stats. (1897 ed.), 236, arts. 617h-617m.

Where a statute confers power upon a municipal corporation to be exercised for the public good or for the sake of the public, the exercise of the power is not merely discretionary, but imperative.   Porter v. State, 78 Texas, 591; Kimberly v. Morris, 31 S. W. Rep., 813; 1 Sayles' Civ. Stats. (1897 ed.), 236, arts. 617h-617m; charter of city of Marshall, art. 2, sec. 2, p. 2, and art. 2, sec. 17, p. 10; Supervisors v. United States, 4 Wall., 446; Sutherland on Stat. Const., 593, secs. 460, 461, 462, 463; 19 Am. & Eng. Encyc. Law (2d ed.), 806, top of page.

Whenever a power is given or a duty is imposed by a statute everything necessary to make the power effectual or essential to the performance of the duty is conferred by implication upon the person or body given the power or charged with the performance of the duty in the absence of express authority.   1 Sayles Civ. Stats. (1897 ed.), 236, secs. 617h-617m; Callaghan v. McGown, 14 Texas Ct. Rep., 284, top of page; charter of city of Marshall, sec. 2, p. 2, and sec. 17, p. 10 of charter.

WILLIAMS, Associate Justice.—The defendant in error brought this action in the District Court of Harrison County to compel the plaintiffs in error, the mayor and aldermen of the city of Marshall,

to create an "Examining and supervising Board of Plumbers" as provided by the Act of August 20, 1897. (Laws 25th Leg., p. 236.) The respondents answered, in substance, that they were not required to take such action for the reason that there were not and had never been in Marshall any such offices as city engineer and a local Board of Health, the statute in question requiring that the examining board should be composed partly of the city engineer and a member of the Board of Health; and that if they had any power to create such offices it was entirely discretionary with them. The plaintiff thereupon prayed that the respondents be required also to create and fill the offices of city engineer and Board of Health, and then to appoint the Examining and Supervising Board; and this relief was given by the judgment of the District Court, which was affirmed by the Court of Civil Appeals.

The question presented is entirely one of law arising upon the statute referred to and the charter of the city. The statute of 1897 provides that every city having underground sewers (which is admitted to be the case in Marshall) shall pass ordinances, among other things, "creating a board for the examination of plumbers to be known as the Examining and Supervising Board of Plumbers. Said board shall consist of the following five persons: a member of the local Board of Health, the city engineer, the chief plumbing inspector, a master plumber . . . and a journeyman plumber." . . . The mayor and the local Board of Health shall make said appointment, and shall regulate the length of term each member shall serve.

The special charter of Marshall, enacted in 1903, provides for certain named offices for the city, not including a city engineer or Board of Health, and that "the Council shall have the power to establish any office that may, in its opinion, be necessary or expedient for the city's business or government."

When the Act of 1897 was passed, many, probably most, of the larger cities in the State had among their officers city engineers and Boards of Health, and the statute presumably was enacted with knowledge of that condition and upon the assumption that those offices would be found in existence in cities to which its provisions were to apply. This appears from the requirement that a member .of the Board of Health and the city engineer should partly compose the Board of Examiners, and the further provision that the appointment of the examiners should be made by the mayor and the Board of Health. The power of appointment is not given to the mayor alone, nor to the City Council, but to the mayor and Board of Health, which plainly assumes the preexistence of such a board; for, without this, the appointing power contemplated by the statute would not exist. The question therefore arises, Has the Legislature commanded that, where the offices of engineer and Board of Health are not in existence they shall be created and filled, and that, then, the Board of Examiners shall be constituted as provided? No such mandate is found in the act. It stops with a provision for those cities which have engineers and Boards of Health, and, upon the question, whether or not cities which have them not must provide them for the sole purpose of constituting the Board of Examiners, it is silent. There is, therefore, either a *casus omissus,* or one in which the Legislature determined it to be inexpedient to impose

upon cities, merely for the purpose of having the Examining Board, the burden of creating and supporting other offices which had not already been found necessary or expedient. In either view the courts are powerless to supply the omission, or to create a duty which the Legislature has not imposed. (Chase v. Swayne, 88 Texas, 225; Draper v. Noteware, 7 Cal., 278, 279.)

In order to support the remedy of mandamus a plain and unambiguous duty which it is designed to enforce must already have been imposed by law. (Glasscock v. Commissioner, 3 Texas, 51; Bracken v. Wells, 3 Texas, 88.)

If the Legislature had meant to require more of cities than that they utilize, in part, officers which they already had and add to them others to compose the Examining Board; if it had meant that, in addition to creating the board itself they should, when the officers who were to act upon it were not already provided for, also create other offices, it is reasonable to suppose that some expression of that purpose would have been given. If the Legislature had thought of such cases and intended to make the Act applicable to cities situated like Marshall, doubtless power would have been given for the direct appointment to the Board of Examiners of others in lieu of the city engineer and the member of the Board of Health rather than a requirement that a Board of Health and city engineer should be constituted to enable the city to create another board. But the requirement is mandatory that the board provided for shall consist partly of the officers already acting in other capacities.

The charter of the city, it seems to us, so plainly commits to the discretion of the City Council the question as to the expediency of creating other offices that little discussion of its provisions is necessary. It is not a case in which a power is given in permissive language merely to be exercised for the benefit of individuals or the public, and which individuals or the public therefore have a right to have exercised; and the authorities applicable to such cases have no application to this. In express terms the power is made discretionary and is to be exercised upon the "opinion" of the Council as to the necessity or expediency to the city of its exercise. The principle controlling is thus clearly and aptly stated by the Supreme Court of Pennsylvania: "Where any person has a right to demand the exercise of a public function, and there is an officer or set of officers authorized to exercise that function, there the right and the authority give rise to the duty; but when the right depends upon the grant of authority, and that authority is essentially discretionary, no legal duty is imposed." (Carr v. Northern Liberties, 35 Pa. St., 330.)

The District Court erred in granting the mandamus and the Court of Civil Appeals erred in affirming that action. Both judgments will therefore be reversed and this court will render the judgment which should have been rendered below refusing the writ.

*Reversed and rendered.*