ALBERT ROBINSON ET AL. v. CITY OF GALVESTON ET AL.

Decided June 12, 1908.

**1.—Injunction—City Ordinance—Property Rights.**

When the enforcement or attempted enforcement of a void city ordinance will result in irreparable injury to property rights, the person whose rights are thus affected can enjoin the enforcement of such ordinance. In a petition for injunction, allegations of injury to plaintiff's business by the enforcement of an ordinance, considered, and held sufficient to warrant the issuance of an injunction, provided the ordinance was void.

**2.—Same—Criminal Prosecution.**

In a suit by a minor to enjoin a labor union from prosecuting him, under the criminal ordinances of a city, for pursuing the occupation of a plumber without a license, allegations considered, and held insufficient to show that any property rights were involved, and if the ordinance was void, he had a complete and adequate legal remedy.

**3.—City Ordinance—Statute—Conflict.**

The rule that a city ordinance in conflict with a State law upon the same subject is void, can have no application unless the State law, with which the ordinance conflicts, is intended to apply and is in fact applicable and operative in the city in which such ordinance has been enacted. An ordinance of a city regulating the licensing of plumbers, compared with the State law on that subject, and held valid, inasmuch as the State law was not operative in the city in question.

Error from the District Court of Galveston County. Tried below before Hon. Robt. G. Street.

*George G. Clough,* for plaintiffs in error.—A municipal corporation is without power to pass an ordinance in conflict with a State law upon the same subject. Code Criminal Procedure, art. 931; Bordages v. Higgins, 1 Texas Civ. App., 43; Bingham v. State, 2 Texas App., 23; Ex parte Robinson, 30 Texas Crim. App., 493; Ballard v. Dallas, 44 S. W.,

864; Crowley v. Dallas, 44 S. W., 865; Ex parte Coombs, 38 Texas Crim. Rep., 648; Ex parte Fagg, 38 Texas Crim. Rep., 573.

Injunction is a proper remedy to prevent the enforcing of a void municipal ordinance where the prosecutions, if continued, would injure the business of complainants, especially where the complainants have no legal remedy by appeal. City of Austin v. Austin, etc., 87 Texas, 330; Greiner-Kelley Drug Co. v. Truett, 97 Texas, 377; City of Galveston v. Mistrot Bros., 19 Texas Ct. Rep., 626; Pom. Eq. Juris., sec. 354.

*M. E. Kleberg* and *John Neethe,* for defendant in error.—The court did not err in sustaining the general demurrer, because if the ordinance complained of was void plaintiffs have a plain, adequate and complete remedy at law by a defense in the Criminal Court or by writ of habeas corpus. City of Galveston v. Mistrot, 104 S. W., 417; Greiner-Kelley Drug Co. v. Truett, 97 Texas, 377, and cases there cited; Wade v. Nunnelley, 19 Texas Civ. App.. 256; City of Austin v. Austin City Cemetery Ass'n, 87 Texas, 330.

The court did not err in sustaining the general demurrer to the bill for injunction because the ordinances of the city of Galveston in question in this case are not void for want of power of the Board of Commissioners of the city to pass ordinances providing for an examination of plumbers, and they are not in conflict with any law of the State. Caven v. Coleman, 100 Texas, 465, overruling Caven v. Coleman, cited by appellant in 96 S. W., 774; section 34r of the Charter of the City of Galveston; section 34dd of the Charter of the City of Galveston; Davis v. State, 2 Texas Crim. App., 425; Flood v. State, 19 Texas Crim. App., 584 to 593; art. XI., section 5, Constitution of Texas; 1 Dillon on Municipal Corporations, par. 88; Cooley's Con. Lim., side paging 199, section 2.

PLEASANTS, CHIEF JUSTICE.—The nature of this suit is thus stated in appellants' brief: "This action was commenced in the District Court of Galveston County, Texas, by Albert Robinson, a minor, through his next friend, and by George E. Robinson and Gus Witte, copartners under the style of the Galveston Gas Fitting and Plumbing Co. The petition of plaintiffs sought to enjoin the defendants, City of Galveston and George H. Wilson, from prosecuting the said Albert Robinson and other workmen of the Galveston Gas Fitting and Plumbing Co. for alleged violations of the ordinance of the city of Galveston with regard to licensing plumbers. Briefly stated, the petition alleges that the plaintiff Albert Robinson is a competent plumber engaged in his trade and occupation in the shop of his father, and that he is in every way qualified to pursue such occupation, which right is arbitrarily denied him by the defendants. Allegation is made that the city of Galveston is a city within this State having a system of underground sewers and cesspools, and comes within the purview of an Act of the Legislature of the State of Texas of 1897, page 236, wherein it is provided that all such cities shall have a board of examining and supervising plumbers, which board shall pass upon the qualifications of all persons seeking to engage in the business of plumbing, sets out how such board shall be organized, provides for issuing licenses, and imposes a fine of not less than $20 nor more

than $250 for a violation thereof. That the city of Galveston has passed an ordinance by the terms of which it has created its own Board of Examining Plumbers, and has required all persons wishing to engage in the occupation of plumbing to go before said board and stand examination. Said ordinance prohibits persons from engaging in said occupation unless they have received a license under said ordinance, and provides for a punishment upon conviction before the City Recorder for a violation thereof by fine in the sum of $10. Allegation is made that the organization of said board under the city ordinance is void because in conflict with the State law upon the subject.

"That Albert Robinson, plaintiff, is in all ways qualified to engage in the occupation of a plumber, and that he so engaged without objection from the city of Galveston until about the 20th day of October, 1906, when he was arrested by the authorities of the city of Galveston at the instigation of the defendant Wilson; that the said Wilson is president or chief officer of the local plumbers' union, and that in November, 1905, the plaintiffs Robinson and Witte, as master plumbers, entered into contracts with said plumbers' union by the terms of which the members of said plumbers' unon were to work for said plaintiffs for one year at 50 cents per hour, and it was provided that union men were to be employed in preference to nonunion men. That the son of plaintiff, Albert Robinson, worked in the shop side by side with members of said union, though not a member thereof, until said 20th day of October, 1906, when the union men employed in said shop, acting on the advice of defendant Wilson, refused to longer work for plaintiffs until plaintiff Robinson should require his son to join the union; that it was provided in the contract of employment before mentioned that labor troubles between the parties were to be settled by an arbitration committee in manner pointed out, a copy of which agreement was attached to the petition, marked Exhibit D, which contract and clause was broken and repudiated by said Wilson and members of said union, and said union presented new articles of agreement to plaintiffs Robinson and Witte, and demanded that they enter into a contract providing for the exclusive employment of members of said union, and other demands; that said contract is in restraint of trade, void in law, and, if entered into, plaintiffs would be guilty of felony by the penal code of the State of Texas, and they refused to sign the same; copy is attached in plaintiffs' petition and marked Exhibit E. Allegation is made that said contract, if entered into, would be in restraint of trade and in restraint of the free pursuit of a business authorized by law, and would prevent free competition in the employment of competent plumbers in the city of Galveston.

"That plaintiffs Robinson and Witte, having work to be performed in and about their business, and said journeymen plumbers, and all of them in the city of Galveston, having refused to work unless they sign and comply with their unlawful and unreasonable demands, directed the son Robinson, plaintiff, to perform certain plumbing work; whereupon, without warrant or authority of law, said Geo. H. Wilson instigated one George Klaus to make a complaint before the Recorders Court of the city of Galveston against said Albert Robinson, charging him with following the vocation and occupation of a plumber without first having

received a license from said city of Galveston, and to answer which charge the said plaintiff stands committed, and awaits a trial in the corporation court in the city of Galveston.

"Plaintiffs charge that the alleged ordinances of the city of Galveston are void; that they conflict with the State law upon the same subject; that the penalty prescribed for the violation of the State law is beyond the jurisdiction of the Recorders Court; that the licensed plumbers, and all of them, of the city of Galveston, have banded together for the purpose of enforcing their said unlawful demand, and, as a means to that end, the said George H. Wilson for himself, and for and on behalf of the union plumbers in the city of Galveston, is causing the arrest of all persons seeking to do plumbing work in the city of Galveston, and particularly the plaintiff, Albert Robinson, charging them with having violated the city ordinance above referred to, which charges are not made in the furtherance of justice, and with a well-meant desire to serve the public good, but for his own selfish and unlawful purpose, and for the purpose of coercing said Robinson and Witte to enter into an unlawful contract and to do an act prohibited by the laws of the State of Texas and punished as a crime.

"Allegation is made that the said Wilson is absolutely insolvent, and unable to respond to plaintiffs in damages; that his associates are many, whose names are unknown to plaintiffs, and who are likewise insolvent and unable to respond to plaintiffs in damages; that the action of the said Wilson in making said charges, and of the city of Galveston in receiving and prosecuting same, will deprive plaintiffs of the services of said Albert Robinson and other competent workmen and plumbers, and absolutely ruin the profitable business of said plaintiffs for many years established in this city, for which they have no adequate and proper remedy at law. That no necessity exists for the passage of any such arbitrary restriction on the right of persons to earn a living by honest employment; that said ordinances were passed at the special instance, and for the purpose of giving said Wilson and said union plumbers a monopoly in the trade of plumbing, and that it does so. Plaintiffs further allege that there are, in point of law and fact, no lawfully licensed plumbers in the city of Galveston; that no full board, even as named and appointed by the ordinances, has ever examined plumbers; that said board has never been constituted lawfully; that C. H. Wilcox, a member of said board, and the city physician, do not possess the necessary qualifications to sit on said board, by reason of which the said Albert Robinson has as good a right to exercise a trade or occupation of plumbing as any other person which the city of Galveston permits to work at said trade under licenses so fraudulently and illegally issued and obtained.

"Plaintiffs prayed for an injunction restraining the defendants from in any manner or form attempting to enforce any of the provisions of the ordinance complained of against said Albert Robinson, or any other person or persons employed by said Robinson and Witte, from pursuing the trade and occupation of plumber without a license from the city of Galveston, or from doing any class or character of plumbing work in said city of Galveston."

The Board for the Examination of Plumbers created by the city ordi-

nance sought to be enjoined is composed of "The health physician, the city engineer, the inspector of water and sewerage plumbing, a master plumber of not less than ten years' active and continuous business experience, and a journeyman plumber of not less than five years' active, continuous, practical experience."

This ordinance requires all persons who desire to engage in the business of plumbing to apply to and obtain a license from this board, and makes it an offense for any one to engage in such business without a license, and provides that, upon conviction therefor, such person shall be punished by a fine of ten dollars. In addition to the provision prescribing the duties of the board in the matter of examination of applicants and the issuance of licenses, the ordinance contains other provisions regulating the business of plumbing applicable to local conditions and which are not found in the State law upon that subject.

The trial court sustained a general demurrer to the petition, and plaintiffs declining to amend, their suit was dismissed.

Under appropriate assignments appellants ask that the judgment of the court below be reversed because the city of Galveston, being a municipal corporation within this State, having underground sewers and cesspools, has no authority to enact an ordinance regulating and licensing plumbers in conflict with the State law upon that subject, and the ordinance which appellees are seeking to enforce, to the injury of appellants, as alleged in the petition, being in conflict with the State law upon that subject, is void, and under the facts alleged in the petition appellants were entitled to have its enforcement enjoined.

These objections to the judgment will be considered in reverse order to that in which they are presented.

We think the allegations in the petition of injury to the business of the plaintiffs, George E. Robinson and Gus Witte, caused by the attempted enforcement of the ordinance, is such injury to property rights as would entitle said plaintiffs to have the enforcement of said ordinance enjoined if it were a void ordinance. This case, upon this issue, cannot be distinguished in principle from the case of City of Austin v. Austin City Cemetery Association, 87 Texas, 330.

In the case cited it is, in effect, held that when the enforcement, or attempted enforcement of a void ordinance, will result in irreparable injury to property rights, the person whose rights are thus invaded can enjoin the enforcement of such ordinance. The allegations of said plaintiffs that the enforcement of the ordinance will, by preventing them from securing the services of journeymen plumbers, greatly injure their plumbing business, brings this case within the principle announced in the Austin case. On the other hand, we do not think the plaintiff, Albert Robinson, can maintain a suit for injunction upon his allegations. No property right of his is affected, and if the ordinance is void he can defeat the prosecution against him. His remedy at law being complete and adequate, he is not entitled to an injunction. City of Galveston v. Mistrot, 47 Texas Civ. App., 63.

It seems to be settled by the decisions of the Court of Criminal Appeals that no city or town in this State can enact a valid ordinance defining and punishing offenses which are punishable under a general law of the State. Ballard v. Dallas, 44 S. W., 864; Ex parte Coombs,

38 Texas Crim. Rep., 648; Ex parte Wickson, 47 S. W., 643.   That
court is the highest tribunal in this State upon all matters pertaining
to the enforcement of the criminal law, and if we were disposed to
doubt the soundness of these decisions we would yet feel constrained to
follow them in determining the validity of a city ordinance prohibiting
and punishing offenses punishable under a general law of the State.
Commissioners of Nolan County v. Beall, 98 Texas, 104.

It is manifest, however, that the rule that a city ordinance in conflict
with a State law upon the same subject is void can have no logical ap-
plication unless the State law, with which the particular ordinance con-
flicts, is intended to apply, and is, in fact, applicable and operative in
the city in which such ordinance has been enacted.

The Act of 1897, referred to in the petition, which is article 617h to
617m of Sayles' Statutes, requires that the supervising board of plumb-
ers, whose duty it shall be to examine applicants for a plumber's li-
cense, shall consist of "a member of the local board of health, the city
engineer, the chief plumbing inspector, a master plumber of not less
than ten years' active, continuous business experience, and a journey-
man plumber of not less than five years' active, continuous, practical
experience."   This statute further provides that said board shall be
appointed by the mayor and local board of health.

The city of Galveston is a city of over ten thousand inhabitants, and
for a number of years its municipal government has been under special
charter granted by the Legislature of this State.   The present charter
entrusts the city government to a board of four commissioners and a
presiding officer, designated as the mayor or president.   This board of
commissioners has charge of every department of the city government,
and all of the other officers of the city are appointed by it.   Section 19
of the charter requires the appointment by the board of the following
officers, "to wit: a secretary; treasure; an attorney; a recorder or judge
of the corporation court; an assessor and collector of taxes; a chief of
police; a chief of the fire department; an engineer, who shall also be su-
perintendent of streets; an auditor; a secretary of waterworks and sew-
erage department; a harbor master; a sexton; a superintendent of
waterworks and sewerage; an engineer of the waterworks; an assistant
engineer of the waterworks, and, if deemed necessary by the board, an
inspector of waterworks and sewerage plumbing; an assistant chief of
police; an assistant chief of the fire department, and an assistant city
engineer."   These are the only offices created by the charter, and the
city has no board of health.

While the Act of 1897 in general terms applies to all cities in this
State having a system of underground sewers and cesspools, yet from
the specific provisions of said Act as to the manner of the organization
and appointment of the board of examiners, it is clear that it cannot be
put in operation in the city of Galveston because there is no board of
health in said city to act with the mayor in appointing said board of
examiners, and no member of a board of health who can be appointed
upon said board of plumbing examiners, as required by the statute, and
therefore no plumbing board can be created for said city under the
terms of the statute.   In the case of Caven v. Coleman, 100 Texas, 467,
our Supreme Court holds that the Act in question is not applicable to

cities which do not have the officers named in said Act as necessary members of said board. We think this holding is conclusive of this case.

The city of Galveston is expressly authorized by its charter "to regulate and control plumbers and plumbing works, and to enforce efficiency." Section 34, chapter 37, Special Laws of Twenty-eighth Legislature. There being no general law of the State upon this subject applicable to said city, the ordinance in question was a proper exercise of the powers conferred by the city charter, and must be upheld.

For the reasons stated we are of the opinion that the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*