DAVIS et al. v. HOLLAND et al.　(No. 7154.)

(Court of Civil Appeals of Texas. Dallas. May 30, 1914. Rehearing Denied June 27, 1914.)

1. MUNICIPAL CORPORATIONS (§ 590*)—POLICE POWER AND REGULATIONS — REGULATION OF PLUMBING TRADE.

　Rev. St. 1911, arts. 986–998, requiring all cities "organized under the general laws * * * or by special act," having underground sewers, to regulate house draining and plumbing, and create an examining and supervising board of plumbers, etc., were intended to and do apply to the city of Dallas, though organized under special charter, as it has underground sewers, and the plain import of the words quoted, as well as the fact that they were inserted by amendment soon after a decision that the law was not applicable to such a city, forbids any other conclusion, and further Dallas Charter, art. 2, § 2, declares in accordance with the common law that the city shall have all powers of municipal government not prohibited by the charter "or by some general law," etc.

　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1309; Dec. Dig. § 590.*]

2. MUNICIPAL CORPORATIONS (§ 592*)—POLICE POWER AND REGULATIONS—REGULATION OF HOUSE DRAINING AND PLUMBING.

　The City of Dallas is not exempted from the general laws regarding house draining and plumbing (Rev. St. 1911, arts. 986–998), because Dallas Charter, art. 14, § 29, gives the city the exclusive right to control such matters, as such provision in effect confers upon the city the right to suspend the state laws, which authority cannot be conferred.

　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1311–1314; Dec. Dig. § 592.*]

3. CONSTITUTIONAL LAW (§ 205*)—PRIVILEGES OR IMMUNITIES, AND CLASS LEGISLATION—IN GENERAL.

　In order to meet the requirements of Const. art. 1, § 3, providing that "all freemen, when they form a social compact, have equal rights, and no man or set of men is entitled to exclusive separate public emoluments or privileges, but in consideration of public service," all laws affecting a particular class of business or voca-

tion must affect all of the specified class uniformly and alike.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 591–624; Dec. Dig. § 205.*]

4. CONSTITUTIONAL LAW (§ 205*)—HEALTH (§ 21*) — REGULATION OF HOUSE DRAINING AND PLUMBING — PRIVILEGES OR IMMUNITIES.

The general laws regarding house draining and plumbing (Rev. St. 1911, arts. 986–998) violate Const. art. 1, § 3, declaring that no man or set of men is entitled to exclusive privileges, because article 997, providing that no license shall be issued to carry on or work at the plumbing business except to one who has passed the examination, and article 998, providing that every firm carrying on the plumbing business shall have at least one member who is a practical plumber, permit a firm of plumbers to practice their trade if only one member has passed the examination, though another has failed, while all plumbers who are not members of such a firm are required to pass the examination.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 591–624; Dec. Dig. § 205;* Health, Cent. Dig. § 25; Dec. Dig. § 21.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by E. S. Davis and others against W. M. Holland and others to require defendants, as Mayor and Commissioners of the City of Dallas, to create an examining and supervising board of plumbers and pass ordinances regulating house draining and plumbing, and asking a writ of mandamus to enforce the judgment sought. From a judgment denying the relief sought, plaintiffs appeal. Affirmed.

Morris & Pope, of Dallas, for appellants. C. F. O'Donnell and Marvin S. Church, both of Dallas, for appellees.

RASBURY, J. This suit was filed in the court below by appellants, some of them master and some of them journeymen plumbers, against the appellees, the mayor and commissioners of the city of Dallas, seeking a judgment against them in their official capacity requiring them to create an examining and supervising board of plumbers for said city and to pass ordinances regulating house draining and plumbing and the practice thereof as directed by the General Laws of the state and the enforcement of the judgment sought by writ of mandamus. Appellants alleged, in substance, that there were at the time of the commencement of the suit general laws regulating house draining and plumbing and the practice thereof in cities of the class of Dallas superior to any right of the municipality in that behalf, and that they had requested and demanded of the officers of said city that the general laws be enacted into ordinances in order that appellants might comply therewith and be enabled to pursue and practice their trade or vocation lawfully and avoid the criminal penalty imposed by the general laws in such cases, which appellees refused to do. Appellees by special exceptions and pleas urged that it was optional with them whether they would adopt the state law for the city of Dallas; that the city of Dallas derived its governmental functions from a special charter granted by the Legislature, which exempted it from said general laws; that the said general laws regulating plumbing and the practice thereof were unconstitutional because in conflict with the Bill of Rights of the Texas Constitution. There was a trial without jury, and the relief sought was denied by proper judgment entry, and from such judgment this appeal is taken.

The facts developed at trial are undisputed and are in substance as follows: The city of Dallas is an incorporated municipality conducting its varied affairs of government by authority of a special charter granted by act of the Legislature. Its affairs are conducted by a mayor and board of commissioners. Appellees are such officers. The city has more than 10,000 inhabitants and maintains a system of underground sewers. It also has a health officer, engineer, and an inspector of plumbing. The city has no examining and supervising board of plumbers. The appellants and the Association of Master Plumbers and the United Association of Journeymen Plumbers of said city requested and demanded of the appellees, the city's governing board, that they appoint an examining and supervising board of plumbers, as provided by the general laws of the state, which appellees declined and refused to do.

[1, 2] There were in force at the time the instant case was tried and are now general laws requiring every city in the state, having underground sewers, whether incorporated under the general laws or by special grant from the Legislature, to pass ordinances regulating the tapping of sewers and house draining and plumbing. Article 986, R. S. 1911. Said general laws also provide that such cities shall create a board to be known as the examining and supervising board of plumbers, for the examination of plumbers who ply their trade or vocation in such cities, such board to be composed of a member of the local board of health, or, if there be no such board, the city physician or health officer, the city engineer, the city inspector of plumbing, and a master plumber and a journeyman plumber of five and ten years' active and continuous experience respectively. Articles 987 and 988, R. S. 1911. Only plumbers examined and licensed by such board, whether master, employing, or journeymen plumbers, may lawfully practice their trade or vocation in the cities to which the act applies. Articles 991 and 997, R. S. 1911. It is a misdemeanor to practice plumbing without such license. Article 131, Penal Code 1911. The act also provides that "every firm carrying on the business of plumbing shall have at least one member who is a practical plumber." Article 998, R. S. 1911. There are other provisions which refer to the terms

of service of the members of the board, the details of the procedure they shall follow in making examinations, and provisions with reference to licenses, etc., which are immaterial to the instant controversy. These general laws appellants urge apply to the city of Dallas and should have been complied with by appellees, and in default of such compliance mandamus should have issued compelling compliance, since, if appellants should engage in the practice of plumbing in the city of Dallas without first passing before the supervising board the examination required by law, they would be in violation of the criminal laws and be subjected to arrest and punishment. Such conclusion seems correct in so far as it involves the proposition that the general laws cited were intended to and do apply to the city of Dallas. The laws were originally passed in 1897. As enacted, they provided that every city in the state having underground sewers, etc., should comply with the laws. After the enactment of the laws, it was held, in Robinson v. City of Galveston et al., 51 Tex. Civ. App. 292, 111 S. W. 1078, that the laws did not apply to the city of Galveston, which is governed like the city of Dallas by commissioners, for the reasons: First, that it did not have the officers named in the general laws which should constitute the membership of the examining and supervising board, which brought the case within the rule in Caven v. Coleman, 100 Tex. 467, 101 S. W. 199; and, second, because "the city of Galveston is expressly authorized by its charter 'to regulate and control plumbers and plumbing works, and to enforce efficiency,'" and there being no general law upon the subject the provisions of the Galveston charter in such particular would control. Subsequent to the holding in the case just cited, the Legislature amended the laws by making them applicable to all cities having underground sewers "whether organized under the general laws of the state or by special act of the Legislature." Such amendment, in the light of the holding in Robinson v. Galveston, supra, and in view of the plain import of the words of the amendment, forbids any conclusion other than that it was intended to apply to all cities of the class named, whether operating under general laws or by authority of special grant from the Legislature. Further, in defining the general powers of the city of Dallas under the special charter granted by the Legislature, it is provided in effect that:

The city "shall have and exercise all powers of municipal government not prohibited to it by this charter or by some general law of the state of Texas or by the provisions of the Constitution of the state of Texas." Dallas Charter, art. 2, § 2.

Such provision in the charter is but declaratory of the general rule under such special grants. 1 Dillon, § 319. By reason of such limitation it was held, in City of Houston v. Richter, 157 S. W. 189, that the very laws sought to be applied to the city of Dallas were applicable to Houston, although operating under special charter containing powers in conflict with said general laws. But appellees further urge that the city of Dallas is exempt from the general laws by the additional provision in the charter of the city of Dallas reciting that the authority contained in the charter shall supersede the law of the state. Dallas Charter, art. 14, § 29. The charter does grant the city of Dallas the exclusive right to control the matters covered by the general laws herein quoted. This provision in effect confers upon the city of Dallas the right to suspend the state laws, but that such authority cannot be conferred is no longer an open question in this state. Brown Candy & Cracker Co. v. City of Dallas, 104 Tex. 290, 137 S. W. 342.

[3, 4] It is further urged, however, by counsel for appellees, that, even though the general laws under discussion are applicable, they are nevertheless without force or validity, because unconstitutional as being in contravention of article 1, § 3, thereof, which provides that:

"All freemen, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public service."

With such contention we agree. The rule is that all laws affecting a particular class of business or vocation in order to meet the requirements of the section of the Constitution cited must effect all of the specified class uniformly and alike. Campbell v. Cook, 86 Tex. 630, 26 S. W. 486, 40 Am. St. Rep. 878; Union Central Life Ins. Co. v. Chowning, 86 Tex. 654, 26 S. W. 982, 24 L. R. A. 504; St. Louis, S. F. & T. Ry. Co. v. Taylor, 134 S. W. 819. The two concluding articles of the act under discussion do not comply with that rule, since their effect is to permit a firm or partnership of plumbers to practice their trade in the event only one member thereof has successfully passed the examination before the board, while every plumber not a member of such a firm or partnership must in any event submit to the examination and be licensed by the board before he may do so. As said by the Supreme Court of Ohio, in State v. Gardner, 58 Ohio St. 599, 51 N. E. 136, 41 L. R. A. 689, 65 Am. St. Rep. 785, in testing the constitutionality of a law in substance identical with the one under discussion:

"That is, a journeyman, for whomever he works, must have a license, and an employing plumber, if not a member of a firm or corporation, may not pursue the calling without a license. But a master or employing plumber if he be a member of a firm another member of which has procured a license, is exempt, although he may be one who has, as a journeyman, applied for a license and failed for incompetency."

Thus, by acquiring membership in a firm, one who had failed to pass the examination required by law and which should be the test alike for all would be permitted to practice his trade in competition with one who

had passed the examination and by which method a privilege would accrue to one of the specified class not conferred upon all others in the same class. Other cases much in point have been cited by counsel for appellees, but quotations therefrom would be profitless, since they but reiterate the general rule we have stated and apply it to the specific case as in State v. Gardner, supra, and hence we rest the matter by citing the cases. Henry v. Campbell, 133 Ga. 882, 67 S. E. 390, 27 L. R. A. (N. S.) 283, 18 Ann. Cas. 178; State v. Benzenberg, 101 Wis. 172, 76 N. W. 345.

For the reasons indicated, the judgment is affirmed.