## MITCHELL et al. v. DIXON et al.

### No. 13190.

Court of Civil Appeals of Texas. Dallas.

April 3, 1942.

Rehearing Denied May 1, 1942.

H. C. Miller and John D. Reese, both of McKinney, for appellants.

Mort W. Muse, of McKinney, for appellees.

LOONEY, Justice.

This is a mandamus suit. E. B. Dixon, E. R. Dowlen and E. L. Vickery, relators, sought a writ of mandamus to compel the City of McKinney and its governing body, respondents herein, to appoint a board for the examination of plumbers, in obedience to the mandatory provisions of Articles 1076–1081, R.C.S., and/or of an ordinance of said City, adopted on August 17, 1937.

Respondents' demurrers to relators' petition having been overruled, the cause was submitted on the pleadings and agreed facts, resulting in a decree commanding respondents to appoint a board for the examination of plumbers, to consist of the city health officer, city plumbing inspector, a master plumber and a journeyman plumber, in harmony with the provisions of the ordinance adopted by the City; to which respondents excepted, gave notice of, and perfected this appeal.

The material facts are these: The relators are plumbers, who, at the institution of these proceedings, were, and for several years had been, resident citizens of McKinney, pursuing the business of plumbing for a livelihood. McKinney is a home-rule city of more than 5,000 inhabitants, having an underground sewer system. Although the ordinance adopted is more lengthy and detailed than the statute on the subject (Arts. 1076–1081), yet, in all material respects, they are harmonious, with one exception; that is, while the statute (Art. 1078) provides that, "The said board shall consist of the following five persons: A member of the local board of health, if there be such a board of health, and if not, then the city physician or the city health officer, the city engineer, the city inspector of plumbing, a master plumber of not less than ten years active and continuous experience as a plumber, and one journeyman plumber of not less than five years of such active and continuous experience", the ordinance provides for a board of four members same personnel as mentioned in the statute, except the city engineer is omitted; however, the City of McKinney had no engineer and its charter made no provision for the appointment of one. Although importuned to do so, the governing body of the City had theretofore refused, and continued the refusal, to appoint a board of four for the examination of master and journey-men plumbers applying for plumber's license, and to perform the other duties devolved upon such board by the ordinance, although the City had a duly qualified and acting health officer, a duly qualified and acting inspector of plumbing, and a number of resident citizens who were master and journeymen plumbers, eligible for appointment and service as members of such board.

Respondents contend that the court erred in rendering judgment commanding them to appoint a board for the examina-

tion of plumbers because the ordinance, influencing such action, is void, in that it conflicts with the statute on the subject. As heretofore shown, the ordinance provides for a board of only four members, omitting the city engineer named in the statute as a constituent member, because the City had no such officer and its charter made no provision for the creation of such office.

The case of Caven v. Coleman, 100 Tex. 467, 101 S.W. 199, was brought under the statute as it existed in 1897, Acts 1897, c. 163, for mandamus to compel the governing body of the City of Marshall to appoint an examining and supervising board. On writ of error, the Supreme Court reversed the judgments, both of the trial court and of the Court of Civil Appeals, granting the relief sought, because the statute required that the city engineer and a member of the local board of health should be members of the board of examiners, and as the special charter of the City of Marshall made no provisions for either a city engineer or board of health, the statute was not applicable, hence its governing body could not be compelled to create a board of examiners. The rule announced by the Supreme Court in the case just mentioned, was followed by the Galveston Court of Civil Appeals in Robinson v. City of Galveston, 51 Tex.Civ. App. 292, 111 S.W. 1076, holding that the statute, though general in nature, did not apply to the City of Galveston, since it did not have the officers named in the statute as constituent members of the board; and held further that Galveston was authorized by ordinance to deal with the subject and create its own board of examiners, just as was done by McKinney in the instant case.

So, in harmony with the rule announced in these cases, we hold that, as the statute in question was not operative in McKinney, for the reasons stated, the adoption of the ordinance by the City was clearly authorized under its power to safeguard public health (See Trewitt v. City of Dallas, Tex.Civ.App., 242 S.W. 1073, pages 1077, 1078); hence the rule that, an ordinance in conflict with a statute on the same subject is void, as contended by respondents, is not applicable here, because the statute with which the ordinance is alleged to be in conflict, is not operative in the City of McKinney. See Robinson v.

City of Galveston, 51 Tex.Civ.App. 292, 111 S.W. 1076, 1079.

It is also contended that relators had no such interest in the subject-matter of litigation as entitled them to successfully prosecute the mandamus suit. In Parrish v. Wright, 293 S.W. 659, the Amarillo Court of Civil Appeals held (writ refused) that plumbers, resident citizens of Lubbock (just as relators are resident citizens of McKinney) had the right to maintain an action to compel the governing body of the City of Lubbock to enact an ordinance providing for the creation of an examining and supervising board for plumbers, in accordance with the provisions of the statute. Arts. 1076–1081. Although the Eastland Court of Civil Appeals, in Marr v. Reynolds, 151 S.W.2d 263, dismissed—correct judgment, seemingly held to the contrary, yet, by refusing a writ of error in Parrish v. Wright, supra, the Supreme Court obviously affirmed the doctrine there announced, therefore, we are constrained to follow that rule, and overrule the assignment under consideration. Being of opinion that the court below rendered a correct judgment, it is affirmed.

Affirmed.