Concurring Opinion to Denial of Rehearing En Banc filed May
24, 2011.

 

In The

Fourteenth
Court of Appeals



NO. 14-08-00074-CR



David
Mark Temple,
Appellant 

v.

The
State of Texas, Appellee 



On Appeal from
the 178th District Court

Harris
County, Texas

Trial Court
Cause No. 1008763



CONCURRING OPINION TO DENIAL 

OF REHEARING EN BANC

Both
as a member of the original panel and of the en-banc court, I have voted against
rehearing this cause.  I write separately to respond to my colleagues who have
dissented from our refusal to rehear.  I will address each in turn.

I

Appellate
courts rarely overturn jury verdicts.  When they do, the reason for reversing
often has more to do with trial-judge error than a conclusion that the jury
just got it wrong.[1] 
Yet in this case Justice McCally would have us reverse the conviction below and
render a judgment of acquittal because, in her judgment, the verdict is
“irrational.”  Such a leap would supplant the jury’s evaluation of the evidence
with our own—a gross invasion by the judiciary upon the right to trial by jury,
a right that Texas has held “inviolate” since the days of the Republic.[2]

            But
I do not write to quarrel with Justice McCally over the merits.  Like Justice
Seymore, I believe the panel opinion appropriately addresses the evidence upon
which a rational jury could have rendered the verdict rendered below.  Instead,
I write to dispel Justice McCally’s contention that this court has issued inconsistent
messages about the meaning of Brooks v. State.  Respectfully, she is
wrong when she contends that the court has stated “two different standards of
review” arising from Brooks.  In this case, as in others, we held that after
Brooks “only one standard should be used to evaluate whether the evidence is sufficient
to support a criminal conviction beyond a reasonable doubt: legal sufficiency.” 
Temple v. State, No. 14-08-0074-CR, — S.W.3d —, 2010 WL 5175018, at *2
(Tex. App.—Houston [14th Dist.] Dec. 21, 2010, no pet. h.) (relying on Brooks
v. State, 323 S.W.3d 893, 905–07) (Tex. Crim. App. 2010) (plurality op.); id.
at 926–28 (Cochran, J., concurring)); see also Pomier v. State, 326
S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2010, no pet. h.) (courts of
appeals should apply the legal-sufficiency standard when addressing
legal-sufficiency and factual-sufficiency arguments in appeals from criminal
convictions).

            Justice McCally is correct that in some
opinions this court has also noted that Brooks “does not alter the
constitutional authority of the intermediate courts of appeals to evaluate and
rule on questions of fact.”  See, e.g., Muhammed v. State, 331
S.W.3d 187, 191 n.3 (Tex. App.—Houston [14th Dist.] 2011, no pet.)  And indeed
it does not.  Under Brooks, “[t]he Jackson v. Virginia
legal-sufficiency standard is the only standard that a reviewing court should
apply in determining whether the evidence is sufficient to support each
element of a criminal offense that the State is required to prove beyond
a reasonable doubt.”  Brooks, 323 S.W.3d at 894 (plurality op.)
(emphasis added).  Brooks does not say that the courts of appeals’
authority to review cases for factual sufficiency is dead.  It says, rather,
that the Clewis v. State factual-sufficiency standard is
indistinguishable from a properly applied Jackson v. Virginia standard. 
Id. at 898–902.[3] 
            That still leaves a lot of factual review for the courts of
appeals.  We review for factual sufficiency in civil cases, of course, but also
in criminal cases where the burden of proof is less than beyond a reasonable
doubt.  See, e.g., Ulloa v. State, No. 14-10-00102-CR,
14-10-00101-CR, — S.W.3d —, 2011 WL 1283115, at *3 n.1 (Tex. App.—Houston [14th
Dist.] Apr. 5, 2011, pet. filed) (distinguishing Brooks and conducting a
factual-sufficiency review in an appeal from a trial court’s denial of
habeas-corpus relief in which the burden of proof on the defendant is a
preponderance of the evidence); Bernard v. State, No. 14-10-00044-CR, —
S.W.3d —, 2011 WL 1375570, at *2 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011,
pet. filed) (distinguishing Brooks and reviewing the factual sufficiency
of a jury’s punishment-phase negative finding on a special issue concerning
sudden passion in which the burden of proof is a preponderance of the
evidence).

            When a court of appeals is called upon to
review factual sufficiency on an issue that a criminal defendant must prove by
a preponderance, it should consider all the relevant evidence to determine
whether the finding is so against the great weight and preponderance of the
evidence so as to be manifestly unjust.  Meraz v. State, 785 S.W.2d 146,
155 (Tex. Crim. App. 1990).  As a panel of this court held in Bernard v.
State, “[t]he five judges in Brooks did not overrule or disapprove
of this part of Meraz; in fact, the two concurring judges expressly
stated that this part of Meraz was correctly decided.”  Bernard,
— S.W.3d at —, 2011 WL 1375570, at *2 (citing Brooks, 323 S.W.3d at 895;
id. at 924 & n.67 (Cochran, J., concurring); Ervin v. State,
331 S.W.3d 49, 53 n.2 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d)).

            So
when this court says Brooks has done away with factual-sufficiency
review in some criminal cases, it is not inconsistent for us also to say that Brooks
has not altered our constitutional authority “to
evaluate and rule on questions of fact.”  See, e.g., Muhammed,
331 S.W.3d at 191 n.3.   Brooks did not abolish
factual-sufficiency review in all criminal cases.  Instead, the Court of
Criminal Appeals announced that in cases where the burden of proof is beyond a
reasonable doubt, the factual-sufficiency and legal-sufficiency standards are
the same.  This court has faithfully followed Brooks where appropriate,
and faithfully conducted an old-fashioned factual-sufficiency review where Brooks
does not apply.

            Because
there is no conflict among the rulings from this court on the interpretation of
Brooks v. State, there is no reason for an en-banc rehearing of the
panel opinion in this case.  See Tex. R. App. P.
41.2(c).  

II

            Justice
Seymore also has dissented from the court’s failure to conduct an en-banc
rehearing.  But the thrust of his dissent is the allegation that Brooks
has deprived the intermediate courts of appeals of their ability to carry out
their constitutional duty to review facts.  I dispute that the Court of
Criminal Appeals has invaded our constitutional province.  I further believe
that in his dissent, Justice Seymore advocates a violation of the doctrine of
hierarchical precedent.

A

There
is no doubt—the factual-conclusivity clause in Article V, Section 6, of the
Texas Constitution makes intermediate appellate courts’ factual-sufficiency
decisions “final and conclusive” upon the Court of Criminal Appeals.  Roberts
v. State, 221 S.W.3d 659, 662 & 663 n.2 (Tex. Crim. App. 2007); see
also Tex. Const. art. V, § 6(a) (providing that an intermediate appellate
court’s decision “shall be conclusive on all questions of fact brought before
them on appeal or error”).  But the factual-sufficiency clause does not
prohibit the Court of Criminal Appeals from taking jurisdiction to decide, as a
matter of law, whether an intermediate court of appeals applied the correct
standard of review in addressing a party’s factual-sufficiency claim.  See
Roberts, 221 S.W.3d at 663 (relying on In re King’s Estate, 150 Tex.
662, 244 S.W.2d 660, 661–62 (1951); Pool v. Ford Motor Co., 715 S.W.2d
629, 634–35 (Tex. 1986)).[4]


The
factual-conclusivity clause allows the Court of Criminal Appeals to review an
intermediate court’s factual-sufficiency decision insofar as necessary to
determine whether the intermediate court “properly applied ‘rules of law.’”  Roberts,
221 S.W.3d at 663 & n.3 (citing Choate v. San Antonio & A.P. Ry. Co.,
91 Tex. 406, 44 S.W. 69, 69–80 (1898); Dyson v. Olin Corp., 692 S.W.2d
456, 457 (Tex. 1985); Harmon v. Sohio Pipeline Co., 623 S.W.2d 314, 314–15
(Tex. 1981)).  But no more than that is exactly what the Brooks court
did—it laid out the legal boundaries of a proper factual-sufficiency review. 
And though they have no jurisdiction themselves to perform a
factual-sufficiency review, it has been the legitimate realm of our state’s
courts of last resort to tell the courts of appeals how factual sufficiency
should be reviewed.  See Pool, 715 S.W.2d at 635 (“Even as to factual
insufficiency, it has been the supreme court that has delineated the role of
the courts of appeals.”) (citing In re King’s Estate, 150 Tex. at 666,
244 S.W.2d at 662); see also Tex. Const. art. V, § 5(a) (granting “final
appellate jurisdiction” to the Court of Criminal Appeals “in all criminal cases
of whatever grade”).

I
already have explained that Brooks did not do away with
factual-sufficiency review; it simply recognized that when the burden of proof
is beyond a reasonable doubt, factual sufficiency and legal sufficiency are one
and the same.  Brooks, 323 S.W.3d at 898–202; see also Watson v.
State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2007) (holding that
factual-sufficiency review is “barely distinguishable” from Jackson v.
Virginia standard).  And the Court of Criminal Appeals, under its authority
to verify that intermediate courts adhere to “rules of law,” was completely
within its rights to do so.  Roberts, 221 S.W.3d at 663.  Justice
Seymore’s exhortation notwithstanding, factual conclusivity—the constitutional
prerogative of the intermediate courts—remains intact.

B

            In
his dissent, Justice Seymore does not merely lambaste the constitutional
foundation of Brooks—he urges a refusal to “adhere to” it.  He sees Brooks
as such an “affront to the Texas Constitution” that we have no obligation to
follow it.  I do not agree that Brooks is so sinister.  But even if it
were, we would be no less compelled to go where it leads us.

            Justice
Seymore concedes that “[o]stensibly, this court is required to follow the
dictates of vertical stare decisis by acceding to the opinions and mandates of
the Court of Criminal Appeals.”  There’s no “ostensibly” to it.  “The Court of
Criminal Appeals is the highest tribunal on matters pertaining to the enforcement
of criminal laws, and when it has deliberately and unequivocally interpreted
the law in a criminal matter, we must adhere to its interpretation.”  Southwick
v. State, 701 S.W.2d 927, 929 (Tex. App.—Houston [1st Dist.] 1985, no
pet.); see also Tex. Const. art. V, § 5(a); Robinson v. City of
Galveston, 51 Tex. Civ. App. 292, 297, 111 S.W. 1076, 1079 (Galveston 1908,
no writ) (holding that even “if  we were disposed to doubt the soundness of
[the Court of Criminal Appeals’] decisions, we would yet feel constrained to
follow them”).[5] 


            Issues
of hierarchical precedent are not child’s play.  “Inferior courts are
absolutely bound to follow the decisions of the courts having appellate or
revisory jurisdiction over them.  In this aspect, precedents set by the higher
courts are imperative in the strictest sense.  They are conclusive on the lower
courts, and leave to the latter no scope for independent judgment or
discretion.”  Henry Campbell Black, Law of Judicial Precedents 10 (1912).  

            “[U]nless
we wish anarchy to prevail” within our halls of justice, lower courts must
follow higher-court precedent “no matter how misguided the judges of those
courts may think it to be.”  Hutto v. Davis, 454 U.S. 371, 375, 102 S.
Ct. 703, 706, 70 L. Ed.2d 556 (1982) (per curiam).  The judges of the inferior
courts “must either obey the orders of higher authority or yield up their posts
to those who will.”  Weber v. Kaiser Aluminum & Chem. Corp., 611
F.2d 132, 133 ( 5th Cir. 1980) (Gee, J.).

Even
if Brooks were an abomination, it is not the role of lower courts to
rein in our courts of last resort when they go ultra vires.  When the
Supreme Court of Texas and the Court of Criminal Appeals interpret our state’s
constitution, we must follow.  That’s how our system works.  To do otherwise—to
defy the authority of our state’s highest courts—is to forswear the rule of
law.

 

 

                                                            /s/        Jeffrey
V. Brown

                                                                        Justice

 

Publish — Tex. R. App. P. 47.2(b).

Motion for Rehearing En Banc Denied.  Justice McCally
filed a Dissenting Opinion to the Denial of En Banc Rehearing.  Justice Seymore
filed a Dissenting Opinion to the Denial of En Banc Rehearing, in which Justice
Anderson joins.  Justice Brown filed a Concurring Opinion to the Denial of En
Banc Rehearing, in which Justice Boyce joins.  









[1] Trial-judge errors that lead juries into reversible
verdicts range from submitting wrongful-death cases when there is simply no
evidence of causation, see, e.g., Merrell Dow Pharm., Inc. v. Havner,
953 S.W.2d 706, 730 (Tex. 1997), to allowing inadmissible confessions or
extraneous offenses in criminal cases.  Pitts v. State, 614 S.W.2d 142,
143–44 (Tex. Crim. App. [Panel Op.] 1981) (inadmissible confession); Fox v.
State, 283 S.W.3d 85, 95 (Tex. App.—Houston [14th Dist.] 2009, pet. ref’d)
(inadmissible extraneous-offense evidence).





[2] Repub. Tex.
Const. of 1836, Declaration of Rights, Ninth, reprinted in 1 H.P.N.
Gammel, The Laws of Texas 1822–1897, at 1069, 1083 (Austin, Gammel Book
Co. 1898) (“the right of trial by jury shall remain inviolate”); accord Tex.
Const. art. I, § 15; Tex. Const. of 1869, art. I, §§ 8, 12; Tex. Const. of
1866, art. 4, § 20; Tex. Const. of 1861, art. I, § 12; Tex. Const. of 1845,
art. I, § 12; see also Repub. Tex. Dec. of Indep., reprinted in 1
Gammel, supra, at 1065 (describing the right to trial by jury as “that
palladium of civil liberty, and only safe guarantee for the life, liberty, and
property of the citizen”).

 





[3]
See also Ricardo Pumarejo, Jr., Clueless over Clewis or: How I
Learned to Stop Worrying and Welcome Brooks v. State, 23 The Appellate
Advocate: State Bar of Texas Appellate Section Report 246, 258 (Winter 2010).





[4] The Pool
court held that In re King’s Estate established that “the supreme court
might take jurisdiction, notwithstanding the finality of judgments of the
courts of civil appeals on fact questions, in order to determine if a correct
standard has been applied by the intermediate courts.”  Pool, 715 S.W.2d
at 634–35.  





[5] Accord State
ex rel. Vance v. Clawson, 465 S.W.2d 164, 168 (Tex. Crim. App. 1971) (“’The
Court of Criminal Appeals is the court of last resort in this state in criminal
matters.  This being so, no other court of this state has authority to overrule
or circumvent its decisions, or disobey its mandates.’” (quoting State ex
rel. Wilson v. Briggs, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961)); Gabriel
v. State, 290 S.W.3d 426, 436 n.5 (Tex. App.—Houston [14th Dist.] 2009, no
pet.) (stating that “[a]s an intermediate court of appeals, we are bound by
controlling authority from the Court of Criminal Appeals”); Villarreal v.
State, 267 S.W.3d 204, 209 (Tex. App.—Corpus Christi 2008, no pet.); State v. Stevenson, 993 S.W.2d 857, 867 (Tex. App.—Fort
Worth 1999, no pet.); Horton v.. State, 986 S.W.2d 297, 300 (Tex. App.—Waco
1999, no pet.); Contreras v.
State, 915 S.W.2d 510, 522 (Tex. App.—El Paso 1995, pet. ref’d) (“As an
intermediate appellate court, we are duty[-]bound to follow the law declared by
the Texas Court of Criminal Appeals on matters pertaining to the enforcement of
criminal laws.”); Flores v. State, 883 S.W.2d 383, 385 (Tex.
App.—Amarillo 1994, pet. ref’d); Pettigrew v. State, 822 S.W.2d 732, 734
(Tex. App.—Dallas 1992, pet. ref’d).