The State ex rel. Winkler vs. Benzenberg and others.

THE STATE EX REL. WINKLER, Respondent, vs. BENZENBERG and others, Commissioners, etc., Appellants.

*September 3 — November 22, 1898.*

*Constitutional law: Licenses to plumbers: Class legislation.*

1. In so far as ch. 338, Laws of 1897 (secs. 959—53 to 959—59, Stats. 1898), requires that master and journeymen plumbers shall be examined as to their practical knowledge of plumbing, house drainage and plumbing ventilation, before being licensed to carry on that business in cities of the first, second, or third class, it is a reasonable exercise of the police power of the state. It does not necessarily require anything more of plumbers than a practical knowledge of those subjects.

2. But the provision of sec. 2, of said ch. 338, that, "in the case of a firm or corporation the examination or licensing of any one member of the firm or of the manager of the corporation shall satisfy the requirements of the act," is a discrimination in favor of firms and corporations as against plumbers doing business alone, and infringes upon the provision of the fourteenth amendment, Const. of U. S., that "no state shall deny to any person within its jurisdiction the equal protection of the laws;" and the act is therefore void.

APPEAL from a judgment of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Affirmed.*

*Mandamus* to compel the commissioners of public works of the city of Milwaukee to issue to the relator a license as a plumber. From a judgment in favor of the relator the defendants appeal.

For the appellants there was a brief by *Moritz Wittig, Jr.,* of counsel, *Carl Runge,* city attorney, and *Mock & Wittig,* attorneys, and oral argument by *Moritz Wittig, Jr.* They

contended, *inter alia*, that ch. 338, Laws of 1897, requiring plumbers to pass an examination before receiving licenses to carry on that business in cities of the first, second, and third class, was a valid exercise of the police power of the state for the protection of the health of its citizens. *State ex rel. Adams v. Burdge*, 95 Wis. 390, 398, 399; *Baker v. State*, 54 id. 372; *State ex rel. Larkin v. Ryan*, 70 id. 681; *State v. Heinemann*, 80 id. 256; *Wis. Keeley Inst. Co. v. Milwaukee Co.* 95 id..153, 156, 157; *Donnelly v. Decker*, 58 id. 461, 469; *Jones v. Brim*, 165 U. S. 180, 182; *Singer v. State*, 72 Md. 464; *Davidson v. State*, 77 id. 388; *People ex rel. Nechamcus v. Warden*, 144 N. Y. 529; *U. S. ex rel. Kerr v. Ross*, 23 Wash. Law Rep. 86; *State v. Gardner*, 58 Ohio St. 599. The provision in sec. 2 of the act, making the examination and licensing of one member of a firm of plumbers or the manager of a corporation a satisfaction of the requirements of the act, is valid. The license is not to the firm or the corporation, but to the individual who does or supervises the practical work, and makes him alone responsible therefor. It does not bring the act within the condemnation of the fourteenth amendment to the constitution of the United States. It does not discriminate in favor of firms and corporations as against individual plumbers, and even if it did, that provision might be stricken out and the act would be complete without it.

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.* They contended that, in order to uphold an act which, like ch. 338, Laws of 1897, interferes with the rights and personal liberties of citizens, on the ground that it is for the protection of the public health, the court must be able to see that it has in fact a relation to the public health, and that it was actually aimed at and adapted to that end. *In re Jacobs*, 98 N. Y. 108; *Mugler v. Kansas*, 123 U. S. 623–661; *Louisville & N. R. Co. v. Kentucky*, 161 id. 701; *Plessy v. Ferguson,*

174    SUPREME COURT OF WISCONSIN.    [101

The State ex rel. Winkler vs. Benzenberg and others.

163 id. 537–550. That act is unreasonable in requiring from both master plumber and journeyman expert knowledge far above the capacity of the ordinary craftsman. *U. S. ex rel. Kerr v. Ross*, 23 Wash. Law Rep. 86. The act is unconstitutional in discriminating between persons in the same calling,— in imposing the burden of an examination and license fee upon individual plumbers, and exempting members of partnerships or corporations. *Durkee v. Janesville*, 28 Wis. 467, 468; *Anderton v. Milwaukee*, 82 id. 284; *Bittenhaus v. Johnston*, 92 id. 588.

The following opinion was filed September 20, 1898:

WINSLOW, J. The question involved in this case is as to the constitutionality of chapter 338 of the Laws of Wisconsin for 1897, entitled " An act relative to the licensing of plumbers and the supervision of the business of plumbing," which chapter now appears as sections 959—53 to 959—59 of the Wisconsin statutes for 1898. The relator was a competent plumber, of more than twenty years experience in the city of Milwaukee, and applied to the board of public works of said city for the renewal of his license as a plumber in said city, which was necessary, under the ordinances of the city, in order that he might carry on his business. This license was refused, not on the ground of incompetency, but simply because the relator had not been examined and procured a license such as is required by the act in question. Thereupon the relator brought this action of *mandamus* to compel the board of public works to grant him a license. A motion to quash the alternative writ was made and denied, and, the defendants declining to answer, final judgment was entered, directing a peremptory writ to issue, from which judgment this appeal was taken.

The provisions of ch. 338 aforesaid are, in substance, as follows: Sec. 1 provides that no person, firm, or corporation engaged in the business of plumbing, in cities of the first,

second, or third class, should thereafter engage in such business, either as master plumber or journeyman plumber, unless such person, firm, or corporation first receives a license therefor as provided by the act. Sec. 2 provides that any person engaged in the business of plumbing, either as master plumber or as journeyman plumber, should apply to the board of public works, where such board exists, or to the board of health, and should thereafter be examined by the board of examiners provided for by the act, as to his qualifications for such business, and, " in the case of a firm or corporation, the examining or licensing of any one member of the firm or the manager of the corporation shall satisfy the requirements of this act." Sec. 3 provides that, in every city of the first, second, or third class, having a system of water supply or sewerage, a board of examiners of plumbers should be appointed in the manner provided in the section, one of which board, at least, should be a practical plumber. Sec. 4 provides for the organization of the board, and requires the board to examine all applicants for license "as to their practical knowledge of plumbing, house drainage, and plumbing ventilation," and, if satisfied of their competency, to certify the same to the board of public works, and issue a license to the applicant, authorizing him to engage in the business of plumbing, as master plumber, or employing plumber, or as a journeyman plumber. The remaining sections of the act provide for the appointment of inspectors of plumbing, and for the establishment of rules and regulations as to plumbing work, and also provide a fine for the violation of the act.

The constitutionality of this law is attacked on two grounds, viz.: (1) Because it is unreasonable, in that it requires a mere journeyman plumber to be an expert in the science of sanitation; and (2) because it discriminates between persons of the same calling.

1. Such a law as the one before us can only be justified

The State ex rel. Winkler vs. Benzenberg and others.

on the ground that it is a reasonable exercise of the police power, which power, as said by this court in *State ex rel. Adams v. Burdge*, 95 Wis. 390, on page 398, is "that inherent and plenary power in the state which enables it to prohibit all things hurtful to the comfort and welfare of society." If it cannot be justified under this principle, then it becomes an unwarrantable interference with the right of the citizen to pursue his calling. It is admitted in this case that the business of plumbing may be regulated by reasonable laws, and, indeed, it is not seen how this could be successfully controverted. Under modern systems of housebuilding and disposal of sewage, the dangers to the health of the entire public, arising from defective plumbing, are so great, and at the same time so insidious, that were the state unable to provide for the proper regulation and supervision of the plumber in his work, so as to minimize the danger to the public health from the escape of sewer gas, the state would certainly be unable to protect the public life and health in a most important particular. This power may be exercised by the legislature by demanding practical knowledge of his business on the part of the plumber, or it may be done by requiring inspection and supervision of his work by experts, or by both means combined; and, when such regulations are brought before the courts, the question simply is whether they are really appropriate and reasonable measures for the promotion of the public health and safety, and hence are a valid exercise of the police power, or whether they go further than this, and unreasonably invade the right of the citizen to pursue a lawful business, under the guise of a police regulation.

Applying these principles to the present law, we are unable to say that it makes an unreasonable requirement when it provides that a master or journeyman plumber shall be examined as to his practical knowledge of plumbing, house drainage, and plumbing ventilation. Such an examination

would not necessarily nor properly include anything except just what it says, namely, a practical knowledge of plumbing, and the necessary and proper ventilation thereof, and house drainage. All this knowledge surely ought to be possessed by every practical plumber, and it may all be acquired in the school of actual experience, while assisting a practical plumber at his work. It requires no university education nor study of abstract science, and we cannot anticipate that any examining board would go further than the act requires, and insist upon more than this practical knowledge acquired in the school of experience. So construed, the act seems to us in this regard entirely reasonable; at least, we are unable to say that it is clear that it violates any constitutional right. Nor do we see that it is unreasonable to require this knowledge of a journeyman plumber as well as of a master or employing plumber. Certainly, a journeyman plumber should be a practical plumber, and know the practical rules of his business as well as his employer. Laws somewhat similar in their provisions have been sustained upon this point in several states. *People ex rel. Nechamcus v. Warden of City Prison*, 144 N. Y. 529; *State v. Gardner*, 58 Ohio St. 599; *Singer v. State*, 72 Md. 464.

2. The fourteenth amendment to the federal constitution requires that no state shall deny to any person within its jurisdiction the equal protection of the laws. In the language quoted with approval in the case of *Bittenhaus v. Johnston*, 92 Wis. 588, on page 596, it is required "that all persons subject to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed." Under the law before us, it seems entirely clear that there is discrimination in favor of firms and corporations as against a plumber doing business alone. The plain meaning and effect of the law is that several plumbers may form a partnership or corporation, and all engage in practical plumbing, when only one of their num-

The State ex rel. Winkler vs. Benzenberg and others.

ber has obtained, or perhaps is able to obtain, a certificate of competency. Thus, three or four incompetent plumbers may associate themselves with another who has a certificate, and become thus enabled to do business, while a man perfectly competent, but doing business alone, must go through an examination and obtain a certificate. This is certainly discrimination between persons under the same circumstances and conditions. It grants special privileges to members of a firm or corporation, and imposes special restrictions upon persons engaged in the same business, who wish to prosecute their business alone. The supreme court of Ohio has recently held, in a well-considered opinion, that this same provision constitutes discriminating legislation, and that an act substantially like the one before us was on that account void. *State v. Gardner, supra.* In this conclusion we entirely agree.

*By the Court.*— Judgment affirmed.

Upon a motion to modify and correct the opinion and judgment, and for a rehearing, counsel for the appellants contended, *inter alia*, that it should be determined whether the constitutional parts of the act can stand and be enforced. The clause in sec. 2 held to conflict with the fourteenth amendment is wholly disconnected from the body of the act, and if stricken out affects no part thereof. What remains is complete in all details, and is sustained in all its features as wise and necessary legislation.

The motion was denied November 22, 1898.