[Civ. No. 3494.   First Appellate District, Division Two.—July 6,
1920.]

H. N. AAROE, Petitioner, v. DANIEL CROSBY et al., Re-
spondents.

[1] CONSTITUTIONAL LAW—POLICE POWER—REGULATION OF PLUMBING
WORK.—Generally speaking, plumbing work is so related to the
public health that the legislature may, under its police power,
make reasonable regulations governing it and, for that purpose,
may require the examination and licensing of those engaged in
such work.

[2] ID.—ACT REGULATING PLUMBING WORK—CREATION OF MONOPOLY
—NOT HEALTH MEASURE.—Where an act attempting to regulate

1.   Constitutionality of statute requiring plumbers to secure a
license, notes, 7 Ann. Cas. 580; 18 Ann. Cas. 181; Ann. Cas. 1913E,
1081; 5 L. R. A. (N. S.) 674; 8 L. R. A. (N. S.) 1116; 27 L. R. A.
(N. S.) 283; 50 L. R. A. (N. S.) 421.

What constitutes a plumbing business within license statute, note,
23 L. R. A. (N. S.) 677.

plumbing work has no such relation to the public health and is designedly for the purpose of controlling the plumbing trade to shut out competition, create a monopoly, and force those unable to pay the tax and possessing a knowledge of the business to look to the ones in control of the monopoly for employment, it cannot be sustained as a health measure.

[3] ID.—PLUMBING ACT OF 1917—PURPOSE OF.—The act of the legislature (Stats. 1917, p. 73), entitled "An act providing for the examination, certification and registration of plumbers, prescribing powers and duties of the state board of health in reference thereto, and penalties for a violation hereof," is not a health measure, but was designed to control those engaged in the plumbing trade in certain localities.

[4] ID.—VALIDITY OF PLUMBING ACT OF 1917—DISCRIMINATION.—The act of the legislature (Stats. 1917, p. 73), entitled "An act providing for the examination, certification and registration of plumbers," etc., is discriminatory and void because it discriminates against the master plumber who has an established place of business and in favor of one who has no established place of business, and because it discriminates in favor of the employing master plumber and against the one who from an established place of business individually performs plumbing work by contract.

[5] ID. — DISCRIMINATION WITHOUT BASIS FOR CLASSIFICATION. — The fact that under the act of the legislature (Stats. 1917, p. 73), entitled "An act providing for the examination, certification and registration of plumbers," etc., the large contractor escapes all restriction if he employs but one licensed plumber who may supervise an unlimited number of unlicensed helpers and apprentices, whereas each contractor who performs his own work must comply with the act, renders the act void as in violation of the constitutional inhibition against special legislation, there being a discrimination between those engaged in the same trade without any reasonable basis for a classification.

[6] ID.—EFFECT OF EARLIER ACT.—If the act of the legislature of March 3, 1885, as amended March 9, 1887 (Stats. 1887, p. 58), which requires a license for every person who engages in the business or labor of master or journeyman plumber in any incorporated city, was not intended to be repealed by the act of 1917 (Stats. 1917, p. 73), it emphasizes the unlawful discrimination made in the later act, as under the earlier act the license was required to be issued upon examination without charge, without an annual renewal fee and without power of revocation, and all master and journeyman plumbers were required to procure a license.

PROCEEDING in Mandamus to compel the members of the plumbers' examining board of Alameda County to ex-

amine petitioner. Petition denied and alternative writ discharged.

The facts are stated in the opinion of the court.

John L. McNab, Charles E. Snook and Geo. M. Naus for Petitioner.

G. E. Rodman for Respondents.

Daniel A. Ryan, for Journeymen Plumbers, as *Amicus Curiae.*

J. C. Macfarland for State Board of Health.

NOURSE, J.—An alternative writ of mandate was issued out of this court on application of the petitioner requiring respondents, as members of the plumbers' examining board of Alameda County, to show cause why they should not order an examination of petitioner as to his competency under the statute of April 6, 1917 (Stats. 1917, p. 73), entitled "An act providing for the examination, certification and registration of plumbers, prescribing powers and duties of the state board of health in reference thereto, and penalties for a violation of the provisions hereof." The answer of respondents is that the act is unconstitutional for various reasons and that they are, therefore, not qualified to examine petitioner or to issue to him the license or certificate of competency required by the act.

Petitioner contends that the statute is constitutional upon the broad ground that it is an exercise of the police power of the state designed for the protection of the public health and that for this reason the alleged discriminatory features of the statute do not render it void.

[1] Generally speaking, plumbing work is so related to the public health that the legislature may, under its police power, make reasonable regulations governing it and, for that purpose, may require the examination and licensing of those engaged in such work. Such legislation has been sustained by the great weight of authority. (*Commonwealth* v. *Beaulieu,* 213 Mass. 138, [Ann. Cas. 1913E, 1080, 99 N. E. 955]; *People* v. *Warden,* 144 N. Y. 529, [27 L. R. A. 718, 39 N. E. 686]; *State* v. *Benzenberg,* 101 Wis. 172, [76 N. W.

345]; *Ex parte Smith,* 231 Mo. 111, [132 S. W. 607].)
[2] But where an act has no such relation to the public
health and is designedly for the purpose of controlling the
plumbing trade "to shut out competition, create a monopoly
and force those unable to pay the tax and possessing a knowl-
edge of the business to look to the ones in control of the
monopoly for employment," it cannot be sustained as a health
measure. (*Wilby* v. *State,* 93 Miss. 767, [23 L. R. A. (N. S.)
677, 47 South. 465, 466]; *State* v. *Smith,* 42 Wash. 237, [114
Am. St. Rep. 114, 7 Ann. Cas. 577, 5 L. R. A. (N. S.) 674,
84 Pac. 851].)

The act in question does not pretend to be a health meas-
ure. It is entitled "An act providing for the examination,
certification and registration of plumbers, etc." By its
terms it relates solely to master and journeymen plumbers,
the first being defined as one who has an established place
of business and works by contract, and the latter as "one
who, as an employee, personally installs plumbing work."
The only prohibitory feature of the act is that "it shall be
unlawful for any journeyman plumber or master plumber
in any city or town maintaining a public sewer system to
personally install any plumbing or drainage system or por-
tion thereof unless he shall first obtain a temporary permit
or a certificate of competency." The examining board
created by the act is required to issue a temporary permit
to every applicant, valid until the examination is held and
the certificate of competency granted or denied. Certificates
of competency are issued for one year, upon examination,
subject to renewal annually upon payment of the required
fee and subject to revocation for violation of the rules of the
examining board or of the regulations of any municipal
building, plumbing, or sanitary ordinance.

[3] A mere reading of the act disposes of the contention
that it is a health measure. It is plainly designed to control
those engaged in the plumbing trade in certain localities.
It has no application to the itinerant plumber or other
artisan who has no established place of business if he works
upon contract. Thus a plumber who has no established place
of business or a person without any skill as a plumber might
do all the acts prohibited to a master plumber having an
established place of business. However, it is not necessary
that the act should be a health measure to sustain its

validity. As said by the supreme court in *Riley* v. *Chambers,* 181 Cal. 589, [8 A. L. R. 418, 185 Pac. 855, 856]: "It is equally true that a lawful and useful occupation may be subjected to regulation in the public interest, and that all regulation involves in some degree a limitation upon the exercise of the right regulated. The test is whether or not the limitation imposed is really by way of regulation only, is one whose purpose and effect go no further than throwing reasonable safeguards in the public interest around the exercise of the right. If the limitation is of this character, its imposition is a proper exercise of the police power resident in the legislature, and whose exercise is one of the latter's most important functions."

[4] But the statute is attacked because it discriminates against the master plumber who has an established place of business and in favor of the one who has no established place of business, and because it discriminates in favor of the employing master plumber and against the one who from an established place of business individually performs plumbing work by contract. This is so for two reasons: (1) The prohibitory features of the act relate solely to the *personal* installation of plumbing work; and (2) they do not relate to a helper working under one who has a license. The effect of these provisions of the act is that the employing master plumber can operate without any license or fee and free from all penalties of the act, while the one who works individually under contract is required to obtain a license, pay the annual renewal fees, and subject himself to all penalties of the act, including that of being deprived of his means of livelihood at the caprice of the examining board.

[5] But beyond all this the fatal defect in the act is that the large contractor escapes all restriction if he employs but one licensed plumber who may supervise an unlimited number of unlicensed helpers and apprentices, whereas each contractor who performs his own work must comply with the act. The individual contractor must, therefore, choose between subjecting himself to all the restrictions of the act or letting himself out as an employee of one who has an established place of business and who works by contract. Here is, therefore, a discrimination between those engaged in the same trade without any reasonable basis for a classification. For this reason the act offends the constitutional

inhibition against special legislation and is void. (*In re Raleigh,* 177 Cal. 746, 751, [171 Pac. 950], and cases there cited.)

[6] It is argued that this objection is removed by reading the act in connection with the act of March 3, 1885 (Stats. 1885, p. 72), as amended March 9, 1887 (Stats. 1887, p. 58), which requires a license for every person who engages in the business or labor of master or journeyman plumber in any incorporated city. But if the earlier statute was not intended to be repealed by that of 1917, it merely emphasizes the unlawful discrimination made in the later act. By the act of 1887 all persons who engaged in the business or labor of master or journeyman plumber in any incorporated city were required to procure a license from the local board of health or health officer. But the license was required to be issued upon examination before the board of health or health officer without charge, without an annual renewal fee and without power of revocation. Having such a license one could engage in the business or labor of master or journeyman plumber in any incorporated city free from any restriction under the act of 1917, unless he was a master having a fixed place of business and doing his work personally under contract or unless he was a journeyman not working as a helper under the direct personal supervision of another.

Other points raised do not require consideration. The petition is denied and the alternative writ discharged.

Brittain, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 2, 1920.

All the Justices concurred, except Shaw, J., Wilbur, J., and Sloane, J., who were absent.