CITY OF MILWAUKEE, Respondent, vs. RISSLING, Appellant.

*May 9—October 14, 1924.*

*Licenses: Electrical contractors: Municipal ordinances: Constitutionality: Equal protection of the laws: Discrimination: Qualifications of licensee: Who may raise question.*

1. The classification made by a city ordinance which provided for the regulation and licensing of those engaged in the business of installing, altering, or repairing electric wiring, fixtures, or apparatus, is based on a proper distinction between contractors and journeymen, and, as all contractors are treated alike, it is not invalid within the meaning of sec. 1, art. XIV, Const. U. S., nor sec. 1, art. I, Const. Wis. p. 519.

2. Under such ordinance the duty devolves on the examining committee of ascertaining what is reasonably necessary to constitute proper qualifications for a licensee; and in determining such qualifications such committee acts in an administrative capacity, and the power delegated is not legislative. p. 520.

3. The ordinance does not deny the equal protection of the laws to an individual in that he is required to obtain a license while members of firms or corporations may be represented by a supervisor, as the ordinance provides that individuals, firms, and corporations each must obtain a license and each must file a certificate naming the person who shall supervise the work. *State ex rel. Winkler v. Benzenberg,* 101 Wis. 172, distinguished. p. 522.

4. Where defendant had not applied for a license, he cannot raise the question of the validity of the ordinance in so far as it prescribes the qualifications for becoming a licensed contractor. p. 523.

APPEAL from a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

The appeal is from a judgment by which the defendant was convicted of a violation of an ordinance of the city of *Milwaukee* providing for the regulation and licensing of electricians.

For the appellant there was a brief by *Lamfrom & Tighe,* attorneys, and *Leon B. Lamfrom,* of counsel, all of Milwaukee, and oral argument by *Leon B. Lamfrom.*

For the respondent there was a brief by *John M. Niven,* city attorney, and *Leo A. Mullaney,* assistant city attorney, and oral argument by *Mr. Mullaney.*

The following opinion was filed June 3, 1924:

DOERFLER, J.    Sec. 479 of the ordinances of the city of *Milwaukee* (Code of 1914, Supp. 1921) reads as follows:

"Section 479. No person, firm or corporation shall engage in the business of installing, altering or repairing any electric wiring, fixtures or apparatus for any purpose whatsoever in the city of *Milwaukee,* without having first procured a license therefor as hereinafter provided in this article.

"Application for a license shall be made to the inspector of buildings on forms furnished by him, and before such license shall be issued the application therefor shall be approved by an examining committee, who shall be selected to determine the fitness of applicants for licenses. . . .

"All applications for license shall be referred by the inspector of buildings to the committee, who shall promptly investigate and report to the inspector of buildings as to the fitness of the respective applicants for the license.

"The committee shall meet at least once in every month for the consideration of such applications, and regular examinations shall be held during the months of December and January of each year, but special examinations may be held at any time selected by the committee. . . .

"A license fee of ten dollars each calendar year shall be charged for any person, firm or corporation who regularly employs a competent electrician to do the maintenance work in their plant, but in no case shall he or they be permitted to engage in the installation of any electrical wiring, fixtures or apparatus outside of that solely in connection with their own plant. Such license may be granted to individuals, partnerships or corporations, but when granted to a partnership the license shall contain the names of all the partners.

"No license shall be granted to any person, firm or corporation unless some person connected with such firm or corporation, either as copartner, stockholder, or an employee who has had at least six years' practical experience on elec-

trical work, who shall be supervisor of all work done by the licensee. . . . Such supervisor shall be subject to examination as provided for a contractor."

Defendant's counsel makes the contention that the ordinance is unconstitutional because it violates sec. 1 of art. XIV of the constitution of the United States and sec. 1 of art. I of the constitution of Wisconsin. It is first argued that "The ordinance can only be sustained on the ground of the exercise of police power, and as such it must fall because it fails to provide for the licensing of the very men who do the work—that is to say, the journeymen."

The ordinance in question by its terms is made applicable only to those who are engaged in the contracting business in the electrical field, whether they be individuals, partnerships, or corporations. It thus recognizes a distinction between contractors in this line and journeymen. The council, therefore, acting in its legislative capacity, duly created two classes—contractors on the one hand, and journeymen on the other. This classification is based upon a marked and proper distinction between the classes so created, considering the purpose of the law. The test to be applied is to ascertain whether all those included in the class are treated alike under like circumstances and conditions. In such a situation the legislative body has the right to discriminate in the exercise of its police power. All included within the purview of the act being treated alike, we conclude that the ordinance in question is not subject to the attack made by the learned counsel for the appellant on the ground stated, and that it is constitutional. *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 87 N. W. 561; *Adams v. Milwaukee,* 144 Wis. 371, 129 N. W. 518; *Mehlos v. Milwaukee,* 156 Wis. 591, 146 N. W. 882. In the *Mehlos Case* this court, on the subject of classification, uses the following language, which is decisive of the issue here raised:

"There is no federal guaranty which exempts citizens of the United States from reasonable police regulations as re-

gards person and property, . . . or which prevents legiti-
mate classification for the purpose of police regulation.    In
case of such classification and the regulation affecting all
members of the class alike, there is no violation of any
equality clause of national or state constitutions."

Defendant's counsel also make the point that the ordi-
nance does not provide for or fix any definite standard, nor
does it define and limit the nature and scope of the examina-
tion; that the power delegated to the committee to pass
upon applicants for licenses is arbitrary and is legislative
in its nature.    The ordinance provides that applications for
a license shall be made to the inspector of buildings on
forms furnished by him; for approval of such applications
by the examining committee, and for an examination and
investigation by the committee to determine the fitness of
the applicants.    The council therefore has created a fact-
finding body, such as the railroad commission or the indus-
trial commission.

The duty devolved upon the committee is to ascertain
what is reasonably necessary to constitute what may be
deemed proper qualifications for a license.    In determining
such qualifications and in conducting the examination and
in making its report, the committee acts not in a legislative
capacity but in an administrative capacity.    When it has
found the necessary facts and has acted favorably or un-
favorably, the provisions of the ordinance become operative
automatically.    Clearly it was not the intention of the coun-
cil to fix a standard of qualification beyond the field in-
volved in determining the fitness of an applicant for the
particular license.    The council has definitely confined the
examining board to such subjects as may be deemed neces-
sary in determining whether or not the applicant is fit to
become an electrical contractor.    Such an investigation
would necessarily preclude an examination, for instance, in
geology, astronomy, or many other kindred subjects.    The
ordinance is free from the attack on this point under the de-

cision of *Milwaukee v. Ruplinger,* 155 Wis. 391, 145 N. W. 42. See, also, *State ex rel. Nowotny v. Milwaukee,* 140 Wis. 38, 121 N. W. 658; *People v. Fournier,* 175 Mich. 364, 141 N. W. 689. Numerous provisions of a similar nature are contained in the statutes, such as ch. 145, pertaining to the licensing of plumbers; ch. 158, pertaining to the licensing of barbers; and ch. 159, pertaining to the licensing of beauty parlors.

The third point made by defendant's counsel is that the ordinance denies the appellant the equal protection of the law as against persons who may associate themselves together in a partnership or corporation. Specifically stated, the objection amounts to this: that while the individual, firms, and corporations are required to obtain a license, the members of the firms or corporations are not required to obtain a license, but can be represented by the so-called supervisor; and that the ordinance clearly must be held unconstitutional as being discriminatory, under the decision of *State ex rel. Winkler v. Benzenberg,* 101 Wis. 172, 76 N. W. 345. An examination of the case last above referred to will disclose a situation vitally different from that in the instant case. The act held unconstitutional in the *Benzenberg Case* was ch. 338 of the Laws of Wisconsin for 1897, entitled "An act relative to the licensing of plumbers and the supervision of the business of plumbing." Sec. 1 of said act provides that no person, firm, or corporation engaged in the business of plumbing in cities of the first, second, or third class shall thereafter engage in such business, either as master plumber or journeyman plumber, unless such person, firm, or corporation first receives a license therefor as provided for by the act. Sec. 2 provides that all persons engaged in the business of plumbing, whether as master plumber or as journeyman plumber, shall be subject to an examination before receiving a license; and it further provides that "In case of a firm or corporation, the examining or licensing of any one member of the firm, or manager

of the corporation, shall satisfy the requirements of this act." This act was held violative of the Fourteenth amendment of the federal constitution, because under it there is a discrimination in favor of firms and corporations as against a plumber doing business alone. It is said in the opinion that:

"The plain meaning and effect of the law is that several plumbers may form a partnership or corporation, and all engage in practical plumbing, when only one of their number has obtained, or perhaps is able to obtain, a certificate of competency. Thus, three or four incompetent plumbers may associate themselves with another who has a certificate, and become thus enabled to do business, while a man perfectly competent, but doing business alone, must go through an examination and obtain a certificate. This is certainly discrimination between persons under the same circumstances and conditions."

A reading of the ordinance involved in the instant case will clearly disclose that the same is not subject to the constitutional objections contained in the statute declared unconstitutional in the *Benzenberg Case*. While there was palpable discrimination in the *Benzenberg Case,* no such discrimination appears in the ordinance in the instant case. In the instant case, individuals, firms, and corporations are treated alike; each is required to obtain a license; and each must file a certificate naming the person who shall be the supervisor of the work. The object of the legislation contained in the ordinance is clear. The business of installing and repairing electrical work in homes, stores, and factories is closely connected with the health and welfare not only of the inhabitants of such places but of the public at large. The council saw fit to require a license from all contractors and the employment of some fit and capable person to act as supervisor, under whom the electrical work could be installed, supervised, or repaired. The evident purpose and intention of the council was to have the work done in a safe,

practical, and efficient manner, so as to minimize accidents and damage. Having treated all contractors in a class alike, the ordinance is constitutional.

The validity of the ordinance in so far as it prescribes qualifications for entering upon the business of a contractor is not properly before us. The defendant, not having applied for a license, cannot raise that question. *Arnold v. Schmidt,* 155 Wis. 55, 143 N. W. 1055; *Spencer v. State,* 132 Wis. 509, 112 N. W. 462; 12 Corp. Jur. p. 766, § 185, and numerous references to decisions in foreign jurisdictions under note 4. The judgment of the lower court must therefore be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on October 14, 1924.