## DEWELL v. QUARLES.

No. 10578. August 8, 1935.

*Lowndes Calhoun* and *M. Smith,* for plaintiff.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendant.

Russell, Chief Justice. Dewell filed a petition praying that Quarles, chief plumbing inspector of the City of Atlanta, be enjoined from enforcing against petitioner an ordinance of the city approved December 7, 1932, providing for the licensing of plumbers; and that said ordinance be decreed void as violative of various provisions of the State and Federal constitutions. The judge declined to grant an interlocutory injunction, holding the ordinance constitutional. The petitioner assigns error on that judgment. He alleges that for several years prior to the passage of the ordinance of 1932 he had been engaged in the plumbing business, and, though a man of limited education, was a competent plumber; that during the years 1931, 1932, 1933, and 1934 he had been granted permits by the authorities of the City of Atlanta to do such work, but that in September, 1934, he had been refused a permit to do certain plumbing work because he had failed to pass the examina-

tion prescribed by the ordinance in question. Section 3 of this ordinance provides that the city board of examiners shall consist of five members, two master plumbers, two journeyman plumbers, of not less than ten years experience as practical plumbers, and the chief plumbing inspector. Section 6 provides that the board of examiners shall examine applicants, either orally or in writing, as to their knowledge of plumbing, house drainage and plumbing ventilation, and, if satisfied as to the competency of the applicant, shall issue a certificate to that effect. Section 9 provides that applicants failing to pass the examination shall have the right to appeal to the mayor and general council, who in their discretion can either grant or refuse a certificate of proficiency, even though said party shall have failed to pass said examination, with the right of certiorari therefrom. Section 10 exempts from taking said examination "such persons as are now actively engaged in the plumbing trade and who have heretofore performed on their own responsibility and knowledge of the trade any plumbing work, installation, or construction which was on inspection approved by the city plumbing inspector."

Petitioner alleges that although he is a competent plumber he could not stand a written examination, due to his lack of education, while other plumbers with an education would be able to pass, thereby working a discrimination against uneducated plumbers; for which reason said ordinance is void as violative of the equal-protection clauses of the State and Federal constitutions. Section 10, exempting those who have heretofore been engaged in the plumbing business, is attacked as violative of the equal-protection clauses of the Federal and State constitutions, because working a preference and discrimination. Section 9, as to an appeal, is attacked on the ground that, "no matter what the evidence of proficiency be," the board "could in their discretion either pass the applicant or reject him; this is void, contrary to public policy and the grant of a fair trial, leaves the decision of the appellate court [mayor and general council] not to depend upon the evidence and law, but upon their discretion; that is whatever they want to do irrespective of evidence or law. This provision makes the ordinance contrary to the 14th amendment to the constitution of the United States, as it deprives the applicant of due process of law." Petitioner alleges that the ordinance is void because, as "he is in-

formed and believes, that there is no provision in it that the board of examiners shall be men proficient in the plumbing business. Under the ordinance men can be selected to pass on the proficiency of the applicant who have little knowledge of the trade." It is also alleged that the ordinance is not for the protection of the public, but is for the purpose of reducing competition in the plumbing trade; that it is the inalienable right of every man to work at his trade and earn a living; that the ordinance puts unreasonable restrictions upon him and others who work at the trade of plumbing, and is contrary to public policy and void; that the public is amply protected by inspection and by permits to do plumbing work; that the ordinance is void because the charter of the City of Atlanta does not provide, either expressly or by implication, for the examining board and for the provisions of said ordinance; and that its provisions are unreasonable and violative of common right and public policy.

In principle this case is controlled by the rulings in *Gregory* v. *Quarles,* 172 *Ga.* 45 (157 S. E. 306), though the incidents in that case differ from the facts in the case at bar. In the *Gregory* case the matter was one of discriminating between plumbers "working upon or engaging in working about plumbing fixtures in buildings of any kind where sewer connections are being made with city sewers," and persons "engaged in repair and maintenance work upon plumbing fixtures . . where sewer connections have already been made." In the case at bar it is provided by the ordinance that applicants who fail to "pass said examination shall have the right to appeal to the mayor and general council, who in their discretion can either grant or refuse a certificate of proficiency, even though said party shall have failed to pass said examination, with the right of certiorari therefrom, all as provided by law, in case the decision of the mayor and general council is adverse to said applicant." It will be observed that under the terms of this ordinance it would be within the discretion of the mayor and general council, upon a vote of that body, to declare one man well known to the mayor and general council to be a qualified plumber, and refuse another applicant merely because they were not acquainted with him, or for any other whimsical reason to decline to authorize him to carry on the business of plumbing. Under the ruling in *Gregory* v. *Quarles,* this is so discriminatory as to violate

the equal-protection and due-process clauses of both the State and Federal constitutions. The court erred in refusing the injunction for which the petitioner prayed.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Bell, J., who dissent, and Gilbert, J., absent.*