430

CITY OF MEMPHIS, By and Through William B. Ingram,
Jr., Mayor, Claude A. Armour, Commissioner, James W.
Moore, Commissioner, Hunter Lane, Jr., Commissioner,
and T. E. Sisson, Commissioner, Appellants,

*v.*

JACK G. BRANNAN, d/b/a Brannan Electric Company,
Thomas Dorsey, d/b/a Dorsey Electric Company, George
M. Hall, d/b/a George Hall Electric Service, Robert L.
Hall, d/b/a Mercury Safety Electric Company, Paul
Burlison, d/b/a Safety Electric Company, J. E. Ganno,
d/b/a Ganno Electric Company, C. P. Sigler, d/b/a
Sigler Electric Company, J. F. Strauser, d/b/a Strauser
Electric Company, A. E. Rhodes, d/b/a Rhodes Electric
Company, S. W. Snipes, d/b/a S & W Electrical
Contractors, Inc., Appellees.

456 S.W.2d 657.

(*Jackson,* April Term, 1970.)

Opinion filed June 18, 1970.

Marshall L. Gerber, Assistant City Attorney, Memphis, for appellants.

Thomas, Halliburton, Ballin & Fortas, Memphis, for appellees.

Mr. Special Justice Jenkins delivered the opinion of the Court.

This is a declaratory judgment action brought by the complainants to have certain portions of the Electrical Code to the City of Memphis declared unconstitutional. The Chancellor held that the portion of Section 48-54 of the Electrical Code requiring a "licensed electrician" to be a master electrician or have in his employ a master

electrician as his superintendent or manager is unconstitutional and void. From this adverse decree the City of Memphis appealed.

The complainants are engaged in the electrical contracting business and, with the exception of S. W. Snipes, are licensed master electricians under Shelby County regulations. Snipes is licensed by the Tennessee Board for Licensing General Contractors. The bill alleges that the complainants are unjustly prevented from engaging in business within the city limits due to certain provisions of the Memphis Electrical Code, viz:

"Sec. 48-54. Every applicant for a licensed electrician's license shall have an established place of business in the city and shall be a master electrician or have in his employ a master electrician as his superintendent or manager."

Section 58-43 defines a "master electrician" as a graduate electrical engineer from a recognized university or college with at least two years' experience or a journeyman electrician with not less than seven years' experience.

Under the terms of the above ordinance a person must satisfactorily pass an examination to become a master electrician; whereas no examination is required in order to become a licensed electrician and engage in the electrical business so long as the licensed electrician has a master in his employ. Herein lies the basis for attacking the constitutionality of the ordinance. It is contended by the complainants that this latter provision is discriminatory in that it grants special privileges to electricians who do not have a master's license but work for a contractor who employs a master, and imposes special re-

strictions upon persons engaged in the same business but wish to prosecute their trade alone. See *State ex rel. Winkler v. Benzenberg* (1898), 101 Wis. 172, 76 N.W. 345.

The City, on the other hand, maintains that the ordinance provisions are not discriminatory but are fair and reasonable in that they tend to promote the health and safety of the community.

■ The dangers that might proceed from the faulty installation of electrical systems make them a valid subject for regulation by a municipality so as to protect the health and safety of its citizens. However, any such regulatory or licensing measures must be uniform in their application; they cannot discriminate against and in favor of any persons subject to their operation. *City of Vicksburg v. Mullane* (1913), 106 Miss. 199, 63 So. 412.

■ After an analysis of the cases from this and other jurisdictions it is apparent that the ordinance involved herein cannot be sustained. The weight of authority compels the conclusion that Section 48-54 of the Electrical Code is discriminatory and, therefore, unconstitutional.

In *State ex rel Grantham v. City of Memphis* (1924), 151 Tenn. 1, 266 S.W. 1038, this Court was confronted with an issue similar to the one presented in the instant case. The Plumbing Ordinance involved in Grantham specified that all plumbers, whether masters or journeymen, had to take the examination. Distinguishing Grantham from City of *Vicksburg v. Mullane,* supra, and *State ex rel. Winkler v. Benzenberg,* supra, the Court upheld the licensing requirements of the Plumbing Code as constitutional.

"The reasoning of *Vicksburg v. Mullane,* and similar cases, is that under the ordinances there involved three or four incompetent plumbers might unite with one good plumber to form a partnership, and all do work under the license issued to the one competent man. But this is not possible under the ordinance which we are considering in this case, because every one who does any actual plumbing work, either as master employer or as journeyman plumber, must be licensed. * * * It is only upon this construction that we sustain the ordinance, which would otherwise be unreasonable and unconstitutional." *State ex rel. Grantham v. City of Memphis,* 151 Tenn. at 18, 266 S.W. at 1042.

It is a reasonable assumption that the Court would have struck down the Plumbing Ordinance as unconstitutional had it been worded similar to those involved in the Mississippi and Wisconsin cases. Accordingly, we think the reasoning of those cases is peculiarly applicable here.

In the case of *City of Vicksburg v. Mullane,* supra, the plumbing ordinance provided that an applicant for a plumber's license should pass an examination and "satisfy the board that the applicant, or at least one resident member of the firm, or one resident executive officer of the corporation making the application, is a master plumber * * * skilled and experienced in his trade, competent to do sanitary plumbing * * *." The Mississippi Supreme Court held that the ordinance was invalid in that it imposed special burdens on some and granted special privileges to others who were engaged in the same work. Those plumbers working for a firm or corporation where a master plumber was employed did not have to comply with the requirements of examination; whereas

those plumbers laboring alone had to bear the burden of examination.

In *State ex rel. Winkler v. Benzenberg,* supra, the ordinance provided that no person, firm or corporation could engage in the plumbing business unless they received a license; that any person engaged in the plumbing business, as a master or journeyman, should be examined; but in the case of a firm or corporation, the examining of any one member of the firm or of the corporate manager would satisfy the requirements. In holding this ordinance unconstitutional, the Wisconsin Supreme Court said:

"Under the law before us, it seems entirely clear that there is discrimination in favor of firms and corporations as against a plumber doing business alone. The plain meaning and effect of the law is that several plumbers may form a partnership or corporation, and all engage in practical plumbing, when only one of their number has obtained, or perhaps is able to obtain, a certificate of competency. Thus, three or four incompetent plumbers may associate themselves with another who has a certificate, and become thus enabled to do business, while a man perfectly competent, but doing business alone, must go through an examination and obtain a certificate. This is certainly discrimination between persons under the same circumstances and conditions. It grants special privileges to members of a firm or corporation, and imposes special restrictions upon persons engaged in the same business, who wish to prosecute their business alone."

Although worded differently than the plumbing ordinances considered in the Wisconsin and Mississippi cases, the Memphis electrical ordinance, nevertheless, accom-

plishes the same result by permitting discrimination. Under the provisions of the Memphis Electrical Code a licensed electrician who wishes to pursue his business alone must become a master, i. e., he must pass an examination, or must employ a master; whereas, the same electrician would not have to stand an examination if he went to work for an electrical contractor that employed a master.

Finally, the City contends that *State ex rel. Grantham v. City of Memphis*, supra, is not authority to hold this particular ordinance unconstitutional because in Grantham the Court was dealing with a plumbing ordinance, but herein the Court is concerned with an electrical ordnance. Such is not a valid distinction. The dangers to the health and safety of the public that may flow from the faulty installation of plumbing are potentially as great as those that may result from the unskillful installation of electrical devices. Both electrical and plumbing ordinances are enacted so as to minimize the dangers to the public health. Likewise, neither may be discriminatory in their application.

Accordingly, the Chancellor's decree is affirmed.

DYER, CHIEF JUSTICE, CRESON and McCANLESS, JUSTICES, and SMITH, SPECIAL JUSTICE, concur.