RUSSELL FALKENBERG, District Attorney, Chippewa County
You inquire as to the legality of issuing a liquor license to the highest bidder. Specifically, you pose the following questions:
1. In the event the town of Hallie did place a liquor license up for bids and the license fees as determined on the basis of the highest bid were in excess of the fees charged for the same class of *Page 181 
license to other licensees of that class, or in the event the license fee was in excess of $500 on the basis of the high bid, would the town of Hallie be in violation of the Wisconsin statutes?
2. If the town of Hallie is in violation of the statutes, would sec. 176.41, Stats., apply to the town of Hallie, a municipal corporation, when the statute refers to "any person"?
As you note in your letter, sec. 176.05 (4), Stats., establishes the maximum and minimum amounts which can be charged for liquor licenses. The same statutory section requires that the fees for all licenses within the same class be the same.
Any fees which are not within these limits are invalid. SeeState ex rel. Torres v. Krawczak (1935), 217 Wis. 593, 598,259 N.W. 607 and 35 OAG 206 (1946).
Any license issued by the town of Hallie for a fee exceeding the maximum allowed under sec. 176.05 (4), Stats., would be void. "No license shall be issued to any person in violation of this chapter and any license so issued shall be void." (Emphasis added) Sec. 176.05 (5), Stats.
If the town collects, in any manner or form, more than the maximum allowed by sec. 176.05 (4), Stats., as a license fee, the license issued shall be void. If the town charges an amount for the license in question which is different from the amount charged to other licensees of that class, the license so issued is issued in violation of sec. 176.05 (4), Stats., and, therefore, would be void. Sec. 176.05 (5), Stats.
The answer to question 1 above is clearly "yes."
Furthermore, whether or not the license fee as determined by the high bid was less than $500 or not more than the license fee charged to other licensees of the same class, any attempt to issue a liquor license on the basis of competitive bidding would be void at the outset.
Not only would the issuance of a liquor license on the basis of competitive bidding be contrary to the statutes, it would be unconstitutional as well. Article VIII, sec. 1, of the Wisconsin Constitution reads in part:
"The rule of taxation shall be uniform . . ." *Page 182 
It seems clear that the town of Hallie wishes to issue the liquor license on the basis of competitive bidding for the purpose of raising revenue. The Wisconsin Supreme Court has said:
". . . police power must not be employed for the primary purpose of raising revenue but rather must be designed to promote the public welfare." Milwaukee v. Hoffmann (1965), 29 Wis.2d 193,198, 199, 138 N.W.2d 223.
It is beyond dispute that liquor licensing is an exercise of the police power. State ex rel. Martin v. Barrett (1946),248 Wis. 621, 626, 22 N.W.2d 663.
In Odelberg v. Kenosha (1963), 20 Wis.2d 346, 349-350,122 N.W.2d 345, the Wisconsin Supreme Court quoted from Zodrow v.State (1913), 154 Wis. 551, 555, 556, 143 N.W. 693, with respect to the justification for involving the police power on the traffic and sale of intoxicating liquors:
"The justification for the exercise of the police power in restraining or prohibiting the sale of intoxicating liquors has been stated and restated by the courts time and again. It may be summed up as resting upon the fundamental principle that society has an inherent right to protect itself; that the preservation of law and order is paramount to the rights of individuals or property in manufacturing or selling intoxicating liquors; that the sobriety, health, peace, comfort, and happiness of society demand reasonable regulation, if not entire prohibition, of the liquor traffic. Unrestricted, it leads to drunkenness, poverty, lawlessness, vice, and crime of almost every description. Against this result society has the inherent right to protect itself — a right which antedates all constitutions and written laws — a right which springs out of the very foundations upon which the social organism rests, a right which needs no other justification for its existence or exercise than that it is reasonably necessary in order to promote the general welfare of the state."
In Milwaukee v. Hoffmann, supra, 29 Wis.2d, at 199-200, the Wisconsin Supreme Court said: *Page 183 
"This court has previously examined the question of the constitutional propriety of imposing license fees. In State exrel. Attorney General v. Wisconsin Constructors (1936), 222 Wis. 279,289, 268 N.W. 238, appears the following:
"The distinction between a tax and an imposition under the police powers is well stated in 4 Cooley, Taxation (4th ed.), p. 3511:
"`The distinction between a demand of money under the police power and one made under the power to tax is not so much one of form as of substance. The proceedings may be the same in the two cases, though the purpose is essentially different. The one is made for regulation and the other for revenue. If the purpose is regulation the imposition ordinarily is an exercise of the police power, while if the purpose is revenue the imposition is an exercise of the taxing power and is a tax. If, therefore, the purpose is evident in any particular instance, there can be no difficulty in classifying the case and referring it to the proper power. . . .
"(p. 3513) `Only those cases where regulation is the primary purpose can be specially referred to the police power. If revenue is the primary purpose and regulation is merely incidental the imposition is a tax; while if regulation is the primary purpose the mere fact that incidentally a revenue is also obtained does not make the imposition a tax, although if the imposition clearly and materially exceeds the cost of regulation inspection or police control, it is generally held to be a tax or an illegal exercise of the police power. . . .'
"This problem was also considered in Tesch v. Board of Deposits
(1941), 237 Wis. 527, 532, 297 N.W. 379, where this court stated as follows:
"Ch. 34, Stats., does not create a tax, but an exaction made under the police power. State ex rel. Atty. Gen. v. WisconsinConstructors, 222 Wis. 279, 289, 268 N.W. 238. Hence there can be no claim that it violates the uniformity of taxation clause in the Wisconsin constitution. (Sec. 1, art. VIII.) The constitutional tests are whether the action was in a legitimate field for the exercise of police power to promote the public welfare, and whether the means bear a reasonable relation to that end. State *Page 184 ex rel. Carter v. Harper, 182 Wis. 148, 152, 196 N.W. 451; PurityExtract Co. v. Lynch, 226 U.S. 192, 201, 33 Sup.Ct. 44,57 L.Ed. 184."
As may be noted, not only must liquor licensing not be utilized for the purpose of raising revenue, licensing in exercise of the police power must be conducted in such a way as to affect all those within a class equally. Milwaukee v. Rissling (1924),184 Wis. 517, 519, 199 N.W. 61, affirmed 271 U.S. 644, 46 S.Ct. 848,70 L.ed. 1129.
As the court stated in Milwaukee v. Kaun (1931), 204 Wis. 103,106, 235 N.W. 551:
"It is generally understood that a proper basis for classification existing and natural and reasonable grounds therefor appearing, legislation recognizing the distinction and affecting all within the class equally does not offend against the constitutional regulations protecting individual rights."
It should be noted parenthetically that a liquor license may not enter into an enforceable agreement to transfer a liquor license because of the personal nature of the benefit resulting from the holding of a liquor license and the personal nature of the obligations imposed on each licensee — i.e., a liquor license is not assignable. Marquette Savings and Loan Asso. v. Twin Lakes
(1968), 38 Wis.2d 310, 315, 156 N.W.2d 425, and State v. Bain
(1898), 100 Wis. 35, 38, 75 N.W. 403.
With regard to the second question you pose above, the town of Hallie, being a municipal corporation as defined in sec. 60.01, Stats., would not be a "person" within the meaning of sec. 176.41, Stats., since the word "person" as used in ch. 176 includes "firm, partnership, corporation or association." Sec. 176.01 (13), Stats.
This definition of "person" in sec. 176.01 (13), Stats., is narrower than the definition of "person" in sec. 990.01 (26), Stats., as including all "partnerships, associations and bodies politic and corporate." While theoretically the word "corporations" as used in sec. 176.01 (13), Stats., might refer to municipal corporations within the meaning of Art. XI, secs. 2
and 3 of the Wisconsin Constitution, a search of other provisions of the Wisconsin statutes dealing with the word "corporation" *Page 185 
reveals that the word is not used in connection with municipal corporations. Moreover, if it was the intent of the legislature to include a municipal corporation such as the town of Hallie, within the definition of sec. 176.01 (13), Stats., the broader definition could have been used such as that contained in sec.990.01 (26), Stats., where "person" is defined to include "bodies politic and corporate."
From the context of the other provisions of ch. 176, Stats., a town was not intended by the legislature to be within the definition of "person" in that chapter.
This does not mean that you are powerless to take action, however. The individual members of the town board may be charged with a violation of sec. 176.05 (4), Stats., and punished as provided in sec. 176.41, Stats.
Moreover, a nuisance action pursuant to ch. 280, Stats., may be brought against any firm or individual purporting to be lawfully engaged in the business of selling alcoholic beverages under a license that was, in fact, void when granted within the meaning of sec. 176.05 (5), Stats., and such establishments may be closed. Sec. 176.72, Stats., and State ex rel. Martin v. Barrett
(1946), 248 Wis. 621, 22 N.W.2d 663. Any individual or firm purporting to sell liquor under a void license may be penalized as provided in sec. 176.04 (1), Stats., since a sale under a license that was void when issued is the same as a sale without a license.
Furthermore, if you notify the board of the town of Hallie that the issuance of a liquor license on the basis of competitive bidding is in violation of the statute, the town board, as a body politic and corporate within the meaning of sec. 990.01 (26), Stats., may be charged with misconduct in public office, specifically sec. 946.12 (2), Stats., which prohibits an act known to be in excess of lawful authority or known to be forbidden by law when done in an official capacity.
However, I must assume that the board of the town of Hallie will act in accordance with the law and there will be no need to consider any action once the board has been informed.
RWW:GLF *Page 186